FRANCES M. PERKINS *vs.* CHARLES STERN.

Suffolk. November 18, 1890. — November 26, 1890.

Present: DEVENS, W. ALLEN, HOLMES, & MORTON, JJ.

*Alabama Claim — Waiver.*

The administratrix of a deceased partner, who, after contributing to the prosecution of a claim due the firm, declines before its recovery to make any further contribution, informing the surviving partner that he may go on if he chooses, does not thereby abandon the intestate's rights in the claim, but in case of a recovery is entitled to her proportion of the amount collected less her share of the entire expense incurred in making the collection.

CONTRACT by the administratrix of the estate of Samuel C. Perkins, for money had and received. Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions in substance as follows.

It appeared in evidence that Samuel C. Perkins, who was the husband of the plaintiff and a member of the firm of Perkins, Stern, and Company, died on May 2, 1878 ; that during the late

civil war that firm in the course of its business paid certain enhanced premiums for insurance, called war premiums, upon certain cargoes and vessels; that in 1882 the defendant, as the sole surviving member of the firm, caused proceedings to be begun to recover such war premiums, and the plaintiff, as requested by him, contributed her share of the necessary expense of instituting such proceedings; and that an award was made, and in 1886 a large sum was paid over to the defendant by way of repayment of such war premiums.

The defendant refused to pay over any portion of such sum to the plaintiff, and contended that she had waived her interest and relinquished her rights therein to the defendant. The defendant in support of this defence offered evidence that, after the proceedings above referred to were begun, it was necessary to incur further expense in prosecuting them to a successful issue; that the plaintiff was informed of this fact, and asked if she would be willing to go to any further expense; that she replied, " No, I will not; this has turned out just as I expected; I made my first payment thinking I could afford to lose that, and probably would, but I would try it any way; now, if there is any money wanted, I am not willing to contribute it "; and that in the same interview the plaintiff said that if the defendant was willing to go on he might; she would not. This was all the evidence offered by the defendant on the question of any waiver by the plaintiff.

The judge ruled, as requested by the plaintiff, that this evidence was insufficient to establish the defence, and ordered a verdict for the plaintiff; and the defendant alleged 'exceptions.

*E. B. Callender*, for the defendant.

*A. E. Pillsbury*, for the plaintiff.

DEVENS, J. The defendant is the surviving partner of the firm of Perkins, Stern, and Company, and the plaintiff is the representative of her husband, a deceased partner. There were no other partners. As surviving partner, the defendant has recovered the amount of a certain claim belonging to the firm from the government of the United States, for war premiums, as they are called, for moneys paid for insurance during the late civil war. There was evidence that the plaintiff, who, as representing her husband's estate, had advanced a certain amount of money

for the prosecution of the claim, declined to advance any more before the claim was actually recovered, and said that the defendant might go on if he chose. The defendant contends that she abandoned her claim, and relinquished all right thereto in favor of the defendant, so that, having finally successfully prosecuted the claim, he is now entitled to retain the entire proceeds. He further contends, that the question whether she had thus relinquished her claim was one which should have been submitted to the jury, and that it was therefore erroneously ruled by the court that the evidence offered was insufficient to sustain this defence. But before the defendant could be entitled to have the jury, as a question of fact, determine whether there had been such a waiver and relinquishment to him, it was necessary for him to offer some evidence which would justify such a finding. If the facts proved are undisputed, and yet the fair inference to be drawn from them is fairly disputable, they should indeed be submitted to the jury. On the other hand, if the facts are undisputed, and yet no reasonable inference could be drawn from them which would support the contention of the party seeking to establish a proposition, he has no right to have them thus submitted.

Assuming all the evidence offered by the defendant, or on his behalf, to have been true, and such as should have been believed, it wholly fails to establish facts from which any reasonable inference can be drawn that the plaintiff surrendered to the defendant her rights in this claim. She refused to expend any more money in prosecuting it, or to take any part in its prosecution, but this is perfectly consistent with an intent to hold her interest in the claim for whatever, if anything, it might thereafter prove to be worth, and affords no justification for the inference that she intended to relinquish her rights to the defendant. It was therefore properly ruled that the evidence offered was insufficient to sustain the defence set up by the defendant. As the plaintiff avails herself of the expenditures incurred by the defendant in obtaining the claim, it is but just that there should be a deduction of her fair proportion of these from the sum she recovers. This she concedes, and in the judgment rendered in her favor this deduction will be made.

*Exceptions overruled.*