## Max Harrinson vs. George F. Jelly, trustee.

Suffolk.    November 14, 1899. — February 28, 1900.

Present: Holmes, C. J., Morton, Barker, Hammond, & Loring, JJ.

*Personal Injuries — Defective Stairway.*

If, at the trial of an action for personal injuries occasioned to the plaintiff by a defective tread on the stairs of the defendant's building, the jury would be warranted in finding that the stairway was constructed for the use in common of the persons who worked in that part of the building where the plaintiff worked, and that the plaintiff had been so informed by the authority of the defendant; that at the time of the accident the plaintiff was rightfully passing over it and in the exercise of due care; that the stairway was not in existence at the time the plaintiff or his employer, who was a tenant of the defendant, first began to occupy the building, but was constructed several months afterwards and some weeks prior to the accident; that at the time of the accident it was in a defective condition, and that the accident was due to this condition; that it was a part of the building in which the tenants had only a right of passage in common, and that the control of it was retained by the defendant; that the defendant knew or ought to have known of the defective condition in time to repair, and that his failure to repair was negligence, the defendant may be held answerable.

Tort, for personal injuries.    The plaintiff contended that on July 18, 1894, while descending the stairs in a building owned by the defendant he was precipitated to the floor below and sustained injuries by reason of the negligence of the defendant, his agents and servants, in permitting a tread on the stairs to become defective and unsafe.    Trial in the Superior Court before *Gaskill,* J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*J. E. Cotter & B. H. Greenhood,* for the plaintiff.

*C. B. Southard,* (*T. Parker* with him,) for the defendant.

Hammond, J.    The evidence upon several vital points was conflicting, but it was the province of the jury to find where the truth lay, and without reciting it in detail we think the jury would have been warranted in finding that the stairway was constructed for the use in common of the persons who worked in that part of the building in which the plaintiff worked, and that

the plaintiff had been so informed by the authority of the defendant; that at the time of the accident the plaintiff was rightfully passing over it and in the exercise of due care; that the stairway was not in existence at the time the plaintiff or Cohen his employer, who was a tenant of the defendant, first began to occupy the building, but was constructed several months afterwards and some weeks prior to the accident; that at the time of the accident it was in a defective condition, and that the accident was due to this condition; that it was a part of the building in which the tenants had only a right of passage in common, and that the control of it was retained by the defendant; that the defendant knew or ought to have known of the defective condition in time to repair, and that his failure to repair was negligence.

If such are the facts, then the case is well within the principles laid down in *Looney* v. *McLean*, 129 Mass. 33, and several subsequent similar cases, and the defendant may be held answerable.

*Exceptions sustained.*