## FRED I. WRIGHT vs. ALONZO W. PERRY.

Suffolk.   January 20, 1905. — May 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Landlord and Tenant.   Negligence,* Contributory, In maintaining freight elevator.
  *Elevator.*

The lessee of an entire building sublet to various tenants is under an obligation to a master teamster directing the unloading of a truck load of goods for delivery to one of the tenants to have the premises reasonably safe for such a lawful purpose.

If a freight elevator at its opening on a street is protected by an automatic gate designed to bar the entrance when the elevator is not there, and a master teamster about to direct the unloading of a truck load of goods sees the gate of the elevator raised indicating that the elevator is in place and, relying on this as he slips in trying to move a box out of the way, steps back where he supposes the elevator to be, it being " somewhat dark in there," and falls down the elevator well to the basement, he can be found to be in the exercise of due care.

It is evidence of negligence on the part of the proprietor of a freight elevator toward a person lawfully on the premises, that originally the entrance to the elevator was closed by a sliding door and that this was removed and replaced by a second hand gate with an automatic arrangement for closing the gate when the elevator went up, which did not work well, sometimes coming down when the elevator went up, and sometimes not, that the platform adjoining the entrance to the elevator had a hole in it, and that repeated complaints had been made to the agent of the proprietor in charge of repairs in the building both of the hole in the platform and of the condition of the elevator gate.

TORT for personal injuries from falling into a freight elevator well alleged to have been maintained negligently in an unsafe condition in a building controlled by the defendant. Writ dated March 21, 1902.

At the trial in the Superior Court *Maynard,* J. refused to order a verdict for the defendant, and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $3,500, of which the plaintiff afterwards remitted all in excess of $2,500. The defendant alleged exceptions.

*A. N. Rice,* for the defendant.

*S. J. Elder, (J. H. Pugh* with him,) for the plaintiff.

LATHROP, J.   This is an action of tort for personal injuries sustained by the plaintiff, by falling into an unguarded elevator well at 113 Franklin Street, Boston, on January 6, 1902. At

the trial in the Superior Court the jury returned a verdict for
the plaintiff; and the defendant alleged exceptions.

The first two exceptions have not been argued, and we treat
them as waived.

The remaining exception is to the refusal of the judge at the
close of the evidence to direct a verdict for the defendant. We
are of opinion that the judge rightly refused to rule as requested,
and that the case was properly submitted to the jury.

The defendant was the lessee of the entire building in which
the accident happened. He sublet the building to various ten-
ants, for business purposes, retaining control of the elevator and
its approaches. Two iron tracks ran from Franklin Street to a
platform at the entrance of the elevator. This platform origin-
ally had a covering of iron, which had become worn and loose
and had been removed some days before the accident. There
was a hole in the wooden planks of the platform. The elevator
well was protected by an automatic freight elevator gate, which
rose when the elevator was in place for use and descended to bar
the entrance when the elevator ascended.

The plaintiff was a master teamster, and part of his regular
business was then, and for several years had been, to take goods
to and from the Linen Thread Company, a corporation which
occupied the basement and the first floor of the premises.

On the day of the accident the plaintiff went with two of his
teamsters to deliver a load of goods to the Linen Thread Com-
pany. One truck load of the goods was unloaded from the truck
across the platform by the teamsters into the elevator, the plain-
tiff standing by and looking on. The plaintiff went for a second
load and came back with it, and noticed a case of paper for
another tenant in the building lying across the platform. The
plaintiff stepped on to the platform, and started to move the box
of paper. One of his feet caught in the hole in the platform,
and he slipped. He stepped back with his other foot, supposing
the elevator was in position for use, and fell into the elevator
well.

These are the general facts. There was also evidence that
originally the elevator entrance had been closed with a sliding
door. Some months before the accident this sliding door had
been removed, and the gate put in. This gate was a second hand

one, and there was evidence that the automatic arrangement did not work well; sometimes it would come down when the elevator went up, and sometimes it would not. There was evidence also of repeated complaints to the agent of the defendant who had charge of his repairs, not only of the hole in the platform, but of the condition of the elevator gate.

1. There can be no doubt that the plaintiff was lawfully on the defendant's premises, for the purpose of business with one of the tenants of the defendant, and, as such, had the right to have the premises reasonably safe. *Gordon* v. *Cummings*, 152 Mass. 513. *Marwedel* v. *Cook*, 154 Mass. 235. *Drennan* v. *Grady*, 167 Mass. 415. *Coupe* v. *Platt*, 172 Mass. 458. See also *Plummer* v. *Dill*, 156 Mass. 426; *Sears* v. *Merrick*, 175 Mass. 25, 31.

2. We are of opinion that the question whether the plaintiff was in the exercise of due care was for the jury. It is argued that he ought to have ascertained whether the elevator was in place before attempting to remove the case of paper. But he testified that at the time he saw this case he "noticed that the elevator gate was up, and in such position that the elevator ought to have been there." It was also in evidence that it was somewhat dark in there. Under all the circumstances of the case, we cannot say as matter of law that the plaintiff was not in the exercise of due care. The plaintiff had a right to rely on the fact that the elevator gate was up. The case in this respect is very similar to *Carey* v. *Arlington Mills*, 148 Mass. 338.

3. There was abundant evidence in the case of the defendant's negligence, which we already have stated and need not repeat. *Harrinson* v. *Jelly*, 175 Mass. 292.

*Exceptions overruled.*