CATHERINE C. WHITE *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

PETER J. WHITE *vs.* SAME.

Suffolk.    January 13, 1911. — March 2, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Evidence,* Declarations of deceased persons.

At the trial of an action against a street railway company for personal injuries alleged to have been received by the plaintiff when leaving a car of the defendant, a letter, bearing a date over seven months before the commencement of the action and written by one to whom as a witness of the accident the defendant had addressed a letter making inquiries regarding the circumstances under which the accident occurred, is admissible in evidence as a declaration of a deceased person under R. L. c. 175, § 66, upon proof of the death of the writer, if the letter bears internal evidence that the answers to the inquiries were made in good faith and upon the personal knowledge of the writer.

A street railway company, within six days after an accident to a passenger, addressed a letter to a certain person stating that his name had been returned to it as a witness of the accident, and asking him to fill out answers to questions on a blank inclosed. The person addressed did as requested and sent the blank, thus filled out, to the company dated the day after that of the company's letter to him. The paper was as follows: " Did you see the accident? Yes. Where did it occur? Near Vine street on Dudley. What day and at what hour did this accident occur? About 6.18 o'clock P. M. on 20th of July. Where were you when it occurred? Sixth seat from the front of car on right hand side. Was car standing or moving? If moving about how fast? Car was moving about 2 miles an hour. Give full account of accident as witnessed by you. Saw lady signal Conductor he puled bell to stop car was comeing to a stop when lady started to get off conductor said wait until car stops didn't wait but steped off backwards and fell. What is your full name and address? Francis J. Reid, 42 Leonard St., Dorchester, Mass. My Business Address is Dated, July 26th 1905." Seven months later the passenger brought an action against the company, at the trial of which, the witness having died, the defendant offered and the judge admitted the paper in evidence under R. L. c. 175, § 66, as a declaration of a deceased person made in good faith before the commencement of the action and upon the personal knowledge of the declarant. *Held,* that the action of the judge was warranted.

KNOWLTON, C. J.    The only exception in these cases is to the admission in evidence of a writing as a declaration of a deceased person. The fact was established that on July 25, 1905, a letter was sent to one Reid from the accident department of the defendant corporation, reciting that his name had been returned as one of several witnesses of an accident which happened about

eighteen minutes past six o'clock on the twentieth day of July, 1905, at or near Vine and Dudley Streets in Boston, where a woman stepped from a moving car, and asking him to fill out a blank and return it. Reid died before the time of the trial. The paper was returned containing questions, the answers to which were in his handwriting, as follows: "Did you see the accident? Yes. Where did it occur? Near Vine street on Dudley. What day and at what hour did this accident occur? About 6.18 o'clock P. M. on 20th of July. Where were you when it occurred? Sixth seat from the front of car on right hand side. Was car standing or moving? If moving about how fast? Car was moving about 2 miles an hour. Give full account of accident as witnessed by you. Saw lady signal Conductor he puled bell to stop car was comeing to a stop when lady started to get off conductor said wait until car stops didn't wait but steped off backwards and fell. What is your full name and address? Francis J. Reid, 42 Leonard St., Dorchester, Mass. My Business Address is . Dated, July 26th 1905." There was no other evidence of the circumstances under which he wrote the answers.*

The plaintiffs contend that the declaration was inadmissible because it did not appear that the statement was made in good faith, or before the commencement of the action, or upon the personal knowledge of the declarant.

The contents of the paper and the fact that the statement was made in reply to such a letter as was sent were sufficient to warrant a finding of the judge † that the answers were made in good faith. A finding that they were made before the commencement of the actions was justified by the fact that they were given in reply to a letter sent on July 25, 1905, and that the paper bears date July 26, 1905. The actions were not commenced until March 7, 1906.

The paper, taken in connection with the manner of obtaining it, bears internal evidence that the answers were made upon the personal knowledge of the writer, sufficient to warrant the finding to that effect.

---

* A witness identified the handwriting of Reid.

† *Raymond, J.*

The statute (R. L. c. 175, § 66) under which the declaration was admitted, has always received a liberal construction. *Hall* v. *Reinherz*, 192 Mass. 52. *Green* v. *Crapo*, 181 Mass. 55, 63. *Nagle* v. *Boston & Northern Street Railway*, 188 Mass. 38.

*Exceptions overruled.*

*J. F. O' Connell*, (*D. T. O' Connell* with him,) for the plaintiffs.

*F. W. Knowlton*, for the defendant.