AGNES F. MARSTON *vs.* JOSEPH F. REYNOLDS.
WILLIAM R. SAWTELLE, administrator, *vs.* SAME.

Suffolk.   March 14, 15, 1912. — May 22, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Agency*, Existence of relation, Scope of authority.   *Negligence*, Of one controlling real estate.   *Evidence*, Declarations of deceased persons.

If the owner of eight houses places them in the charge of a real estate agent, who has thirty or forty houses in his charge, to care for them and to see that they are rented, and gives to him authority to advertise for tenants and to put in the window of a house when it becomes unoccupied a card on which the real estate agent's name appears as agent without the owner's name and to do whatever he chooses in the way of showing the house to possible tenants, he to deduct from what he receives as rent his disbursements as to the property and a commission of five per cent and to pay the balance to the owner, it may be found that the real estate agent bore to the owner the relation of an agent and not that of an independent contractor, and that he had authority to employ one to go with possible tenants to show them the premises, and the owner may be found liable for negligent acts of one so employed by the agent.

Where one acting on behalf of the owner of a house, in conducting over it a woman who in response to an advertisement was examining the house with a view to hiring it, failed to warn her that a platform in the basement extended only part way across it, and that at the edge of the platform a drop of eighteen or twenty inches was formed which, because of insufficient light, was not apparent, and the woman, not knowing these facts, fell from the edge of the platform and was injured, the owner can be found to be liable for the injuries so received, and the woman can be found to have been in the exercise of due care even if, had she looked, she could have seen the dangerous condition of the floor.

TWO ACTIONS OF TORT, the first for personal injuries suffered by reason of the plaintiff falling down a step in an unoccupied house of the defendant on Chandler Street in Boston, when she was examining the house in response to an advertisement offering it to let.   The second action was brought by the husband of the plaintiff in the first for loss sustained by reason of her injuries, and, after the husband's death, was continued by the administrator of his estate.   Writs dated December 22, 1905.

In the Superior Court the cases were tried together before *Bishop*, J.

There was evidence tending to show that an advertisement,

signed by one Hobbs with no mention of the defendant's name and stating that the house in which the plaintiff afterwards was injured was to let, was published in a Boston newspaper, and that a sign was placed in the window of the house reading, "To Let. Fred W. Hobbs, Agent, 23 Court St." Hobbs and the defendant both were called to testify by the plaintiff. Their testimony tended to show that the defendant employed Hobbs, a real estate agent, to care for and rent eight of his houses, of which the house in question was one; that Hobbs had authority to advertise, and that he did whatever he chose to do in the way of showing the house to possible tenants; that Hobbs deducted from rent received all expenses and a "commission" of five per cent and paid the balance to the defendant, and that he employed one Otis to sweep and dust the house and to show it to possible tenants.

Otis died after the accident to the plaintiff. His widow testified that after the accident her husband talked to her and one Smiley and his wife about the accident, and told her that the place where the plaintiff fell was dark and that she made a misstep. Mrs. Smiley testified to a more detailed statement made by Otis, and a police officer, who was summoned to assist in caring for the plaintiff after her fall, testified to a statement made to him by Otis. The testimony as to the statements of Otis was admitted by the trial judge subject to exceptions by the defendant.

Other facts are stated in the opinion.

At the close of the evidence the defendant asked for the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover in this action.

"2. If the plaintiff was standing on the platform in the basement of the premises in question looking at the furnace and turned around quickly to look at the coal bin without looking to see where she was going and stepped into space and fell and was injured, she was not in the exercise of due care and cannot recover.

"3. The defendant owed no legal duty to the plaintiff, if she entered his vacant house by invitation or on business, to place lights or guard rails at or near the steps leading from the wooden flooring to the concrete flooring in the basement of said premises if said steps were neither defective in construction nor in want of repair.

"4. Mr. Hobbs, the real estate agent, was an independent contractor, exercising a certain degree of skill and experience and, as to the details, his acts were not under the supervision or control of the defendant, and he was therefore not such an agent and servant of the defendant as would render the defendant liable for his neglect or omission in showing the defendant's premises to a prospective tenant."

The rulings were refused. The jury found for the plaintiff in each case; and the defendant alleged exceptions, which, after the death of *Bishop*, J., were allowed by *Jenney*, J.

*W. R. Bigelow*, for the defendant.

*R. Gallagher*, (*J. A. Dennison* with him,) for the plaintiffs.

DeCOURCY, J.   The principal plaintiff, Agnes F. Marston, hereinafter referred to as the plaintiff, sustained the injury complained of while she was examining an unoccupied house with a view to renting it.   The defendant owned the property and employed the real estate agent, Hobbs, who had thirty or forty estates in his charge, to rent and care for this and seven other houses. Whether Hobbs was an independent contractor, as assumed in the defendant's fourth request, or an agent of the defendant, as the plaintiff contended, was for the jury to say; and they were warranted by the evidence in finding the latter, and that Hobbs was acting within the scope of his employment as such agent in advertising the house to let and in employing Otis to show it to possible tenants. *Linnehan* v. *Rollins*, 137 Mass. 123.   *Delory* v. *Blodgett*, 185 Mass. 126.   *Bourne* v. *Whitman*, 209 Mass. 155.

As the plaintiff entered and inspected the house on the invitation of this authorized agent, the defendant was bound to keep the premises reasonably safe for use according to the invitation. It could be found that the front portion of the basement was unsafe unless properly lighted, because the platform extending across the basement for a space of five feet from the front wall was eighteen or twenty inches above the cellar bottom, and there was no guard to protect one from the danger of the unusual depression, or to call it to the notice of one unfamiliar with the premises.   There was ample evidence that at the time of the accident the light in the basement was too dim to enable the plaintiff to see the edge of the platform or to perceive this dangerous difference in level; and Otis, who directed her attention to the coal bin

in the rear of the cellar, failed to give this elderly woman any warning of the imminent danger known to him. She turned around to look at the coal bin and, as she expressed it, her right foot "went into vacancy," and she fell to the cellar floor. We are of opinion that the question of the defendant's negligence was one for the jury; and no exception was taken to the instructions under which the case was submitted. *Wright* v. *Perry*, 188 Mass. 268. *Marwedel* v. *Cook*, 154 Mass. 235.

The jury were warranted in finding that the plaintiff was in the exercise of due care. She had no reason to anticipate that there was a sudden and unmarked drop of more than a foot and a half in the level of the basement floor near where she stood; and even if she could have noticed it by looking, which is doubtful in view of the darkness, her failure to look would not necessarily be careless as matter of law. *Hendricken* v. *Meadows*, 154 Mass. 599. *Wills* v. *Taylor*, 193 Mass. 113. *Learoyd* v. *Godfrey*, 138 Mass. 315.

This disposes of all the questions raised by the requests for rulings. The declarations of Otis were competent under R. L. c. 175, § 66. From the preliminary inquiry made in the absence of the jury, it fairly may be inferred that the trial judge found that the declarations were made in good faith; and they bear internal evidence that they were made upon the personal knowledge of the declarant. *Dickinson* v. *Boston*, 188 Mass. 595. *White* v. *Boston Elevated Railway*, 208 Mass. 193.

*Exceptions overruled.*