LEO F. HENEBURY, administrator, *vs.* GEORGE E. CABOT & another.

Suffolk.   October 6, 24, 1933. — November 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence,* Of one owning or controlling real estate, Contributory. *Evidence,* Admitted without objection, Inference.

At the trial of an action by a woman against the owner of a building for personal injuries, the plaintiff testified in direct examination without objection that, as she entered a hallway of the building, she "fell over this pail," and in cross-examination testified that she did not see the pail but that she knew "by the feeling in" her "foot whether it was a pail" she "struck, or whether the radiator," and that there was water on the floor after her fall. An employee of the defendant, without objection, testified that he had been using a bucket of water in the hall for scrubbing, and when he first saw the plaintiff "she had tripped over my bucket that was on the floor . . . she must have struck her foot against it." *Held,* that the evidence, not being objected to, must be given its natural probative effect and, although the plaintiff did not see the pail and the employee did not see her fall, justified a finding that a pail on the floor of the hall caused the plaintiff's fall.

At the trial of an action for personal injuries sustained by a woman seventy-six years of age, there was evidence that she entered a building owned and controlled by the defendant to consult her physician in an office on an upper floor; that she had visited him twenty times previously; that there was no light in the lower corridor on this occasion owing to repairs being made; that an employee of the defendant admitted her to the lower corridor; and that she proceeded

straight ahead in the middle of the corridor toward the elevator and fell over a pail of water left on the floor of the corridor by the employee, who was using it in his work. *Held*, that

(1) A finding was warranted that the employee of the defendant was negligent;

(2) It could not properly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence.

TORT originally brought by Agnes P. Henebury for personal injuries sustained by her in a fall in the lower hallway of the Stone Building, numbered 711 Boylston Street, Boston. Writ dated May 28, 1929.

In the Superior Court, the action was tried before *Goldberg*, J. Material evidence is described in the opinion. There was a verdict for the plaintiff in the sum of $3,272. The defendants alleged an exception.

*G. S. Lowden*, for the defendants.

*R. T. Healey*, for the plaintiff.

DONAHUE, J. This is an action to recover damages for personal injuries. Upon the death of the original plaintiff after a verdict in her favor her administrator appeared as plaintiff and prosecuted the action. Where the word plaintiff is hereinafter used the original plaintiff is meant. The only exception of the defendants is to the denial of their motion for a directed verdict.

The plaintiff, who was about seventy-six years old, fell and was injured in the lower hallway of a building owned and within the control of the defendants, while she was on her way by appointment to visit her physician who had offices on one of the upper floors. It was Sunday morning but the physician regularly kept his office open on the morning of that day as to some extent did other tenants. The plaintiff had been at her physician's office for treatment about twenty times before the day in question, the days of her visits being Wednesdays and Sundays. On previous occasions when she had been there, the electric lights in the hallway had always been on but on this day they were not. Her physician and the other tenants had been notified a day or so before that on this particular Sunday the lights would not be in use because repairs were to be made. The

elevator, however, was in use. When the plaintiff arrived at the building the outer doors were open. She entered, went through a vestibule and came to another pair of doors which swung inward. There was evidence from which it could have been found that these doors were unlocked but the plaintiff thought they were locked and she rapped on the door. A porter, who was the only employee of the defendants on duty at the building that day, came and opened one of the doors and, without saying anything, held it open while the plaintiff passed through into a hallway. The plaintiff testified that the hallway was dark and that she could not see the elevator, which was about twenty feet from the door, or a radiator which was close to the wall at the right of the hallway and about three feet from the door; that the porter stood at the door while she went straight ahead in the middle of the hallway for about five or six feet, when she "fell over this pail." On cross-examination she testified that she did not see the pail but that it was not the radiator but a pail that she fell over and that she knew "by the feeling in my foot whether it was a pail I struck, or whether the radiator." She also testified that there was water on the floor after her fall.

It was not contended by the defendants that there was not a pail of water on the floor of the hallway at the time the plaintiff fell. The porter testified that "at the time of the accident he was scrubbing out the telephone booth which is located next to the elevator" and that when "he went to mop out the telephone booth he had placed his bucket of water about eight inches out from the wall at the end of this radiator . . . about seven feet from the door." When asked where the plaintiff was when he first saw her he replied, "She had tripped over my bucket that was on the floor." To the inquiry as to where the bucket was with reference to the plaintiff he answered, "Right side of the wall. She must have struck her foot against it."

The testimony of the plaintiff that she fell over a pail or the porter's testimony that she tripped over his bucket was not objected to when given. No motion was made at any time to strike out or to limit the application or effect of

this testimony. Under such circumstances, although the plaintiff did not see the pail or the porter see her fall, that testimony became part of the evidential material which the parties permitted the jury to consider and was entitled to its natural probative effect. *Cummings* v. *National Shawmut Bank of Boston*, 284 Mass. 563. *Crowley* v. *Swanson*, 283 Mass. 82, 85, and cases cited. We think that it, with the testimony of the plaintiff that she could tell it was not the radiator but a pail that she fell over, and her testimony that there was water on the floor after her fall, would justify the finding that a pail on the floor of the hallway caused her fall. The defendants contend that if it could be found that a pail on the floor was the cause of her fall the evidence required the finding that it was located near the wall at the end of the radiator where the porter testified that he placed it, and that there was no negligence in leaving the pail in such a place. But the plaintiff testified that while she was walking straight ahead from the door and in the middle of the hallway her foot came in contact with the pail. We think that there was a question of fact for the jury whether the pail was in the center of the hallway or where the porter said he put it.

The defendants, having put their building to business uses and let it to tenants, assumed obligations not only to their tenants but as well to persons entering the building to do business with those tenants. Among the obligations to such a business visitor, rightly on the premises, which were incurred by the defendants, was responsibility for negligent conduct of employees while performing the work they were hired to do. The jury might here have found that the plaintiff was rightly in the building, that the porter while doing his work left, for a time, a pail of water in the middle of the dark hall, in the path which all persons coming to do business with tenants must use, and that he thus added to the dangers incident to the darkness a further peril. This was known to him but not to the plaintiff, yet he ushered her in without a warning. It was the pail that caused her fall. It cannot be said as matter of law that there was not warrant for the finding that he was negligent.

*Marston* v. *Reynolds*, 211 Mass. 590, 593. *Crone* v. *Jordan Marsh Co.* 269 Mass. 289, 291. *Statkunas* v. *L. Promboim & Son Inc.* 274 Mass. 515, 520. *Pope* v. *Willow Garages Inc.* 274 Mass. 440, 443. *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176.

The fact that the hallway through which the plaintiff was walking was dark must be taken into account in passing upon the question of the care she used, but in the circumstances here appearing that fact alone would not as matter of law require the finding that she was negligent. She was not in a strange or unaccustomed place as were the plaintiffs in the cases cited by the defendants. *Daley* v. *Kinsman,* 182 Mass. 306. *Murphy* v. *Cohen,* 223 Mass. 54. *Benton* v. *Watson,* 231 Mass. 582. *Burke* v. *Crimmins,* 256 Mass. 14. She had traversed it forty times in the twenty visits she had previously made to her physician. She was pursuing a straight course up to the point of her fall. Her injury did not result from running into any of the structural parts or fixtures in the hall or through a defect in its structural condition. The hallway of a building, used as this one is, is not a place where ordinarily one would expect to find objects or obstacles on the floor in the twenty feet between the entrance door and the elevator. She had no warning that the porter had deposited a pail of water in the middle of the dark path in which she was walking. There was nothing in his conduct to indicate that she was approaching such a danger. We think that the evidence bearing on her due care required the submission of that issue to the jury. *Marston* v. *Reynolds,* 211 Mass. 590. *Goldstein* v. *Slutsky,* 254 Mass. 501.

*Exceptions overruled.*