PAULINA DEL ROSSO *vs.* F. W. WOOLWORTH CO.

Worcester.    September 23, 1935. — February 24, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Restaurant.    *Warranty.*    *Contract*, Between proprietor of restaurant and patron.

Evidence merely that the presence of a rat in a restaurant frightened a woman patron so that she jumped and was injured did not show negligence of the proprietor of the restaurant, nor his liability on the ground of breach of an implied warranty of the safety of the premises.

TORT.    Writ dated May 31, 1930.

The action was tried in the Superior Court before *Gray,* J., who ordered a verdict for the defendant. The plaintiff alleged an exception.

In her brief, the plaintiff contended that there was evidence of the defendant's negligence, and also that the defendant impliedly warranted the fitness of its restaurant for use by its patrons "to enjoy a peaceful, uninterrupted meal," that there "is an implied warranty that the restaurant was safe and fit for immediate occupancy"; and stated that "If necessary, the plaintiff asks leave to amend her declaration by adding a count upon implied warranty, and to amend her writ by making it sound in contract or tort."

The case was submitted on briefs.

*F. P. McKeon,* for the plaintiff.

*D. F. Gay,* for the defendant.

RUGG, C.J.    The plaintiff seeks in this action of tort to recover compensation for personal injuries received by her while a patron in a basement restaurant owned and operated by the defendant for several years. There was testimony tending to show that, while the plaintiff was eating her lunch at a table in the restaurant, she was aroused by outcries of other patrons and saw a big rat coming toward her; that it ran directly beneath the table at which she was sitting; that she jumped and fell and received severe injuries; that the rat came from the kitchen of the defendant, went back of a lunch counter where food was served, then came upon the floor of the restaurant where

patrons were served, and then ran behind another lunch counter. Another patron of the restaurant testified that about ten days before this occasion he observed near the wall of the room a large rat, which went behind a lunch counter; but the incident does not appear to have been called to the attention of the defendant or any of its servants or agents. There was no error in the direction of a verdict in favor of the defendant.

The defendant by maintaining its restaurant solicited the patronage of the public and impliedly assumed toward the plaintiff, who accepted that invitation, the obligation to use reasonable care to keep its premises in a condition reasonably safe and appropriate for her use and comfort. There was no evidence that the presence of this or other rats on its premises had ever come to the knowledge of the defendant. There is nothing in the record to show circumstances calculated to arouse apprehension that rats were on its premises.

The rat is commonly recognized as an enemy of mankind. It is offensive from almost every point of view. Doubtless it may be killed by poison or by trapping. G. L. (Ter. Ed.) c. 131, §§ 97, 99, 102, 105A. It is not a domestic animal but is *ferae naturae.* See 42 Solicitors'. Journal, 503. There is nothing in this record to indicate effective and practicable means to keep occupied premises entirely clear of this vermin. The record does not show that the defendant failed to try to preserve its premises free from the pest. Whether the animal in question came recently upon the premises is not shown. The facts here disclosed do not warrant the finding of any act or omission on the part of the defendant in violation of a legal duty owed by it to the plaintiff.

It is not necessary to pass upon the plaintiff's request to amend her declaration by adding a count upon implied warranty of the safety of the defendant's premises, because the facts do not disclose liability on that ground.

It is hardly necessary to add that this decision is confined strictly to the facts set forth in this bill of exceptions.

*Exceptions overruled.*