ROSE V. ROBINSON *vs.* THE WEBER DUCK INN COMPANY.

Norfolk. February 5, 1935. — March 30, 1936.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence*, Restaurant, Inflammable substance. *Proximate Cause.*

The proprietor of a restaurant was under an obligation to ascertain whether a substance, sold to him in a metal drum as "gas" to be used to inflate toy balloons to be set afloat in the restaurant, might explode and cause injury to guests in the restaurant, and, if such danger should be ascertained, to protect guests therefrom; and he properly could be found negligent if, due to no precautions being taken by him, damage resulted to a guest from the explosion of a balloon so inflated.

Such negligence of the proprietor of the restaurant properly could be found to be the proximate cause of damage sustained by a guest when a balloon, descending from the ceiling of the restaurant several hours after it was inflated and set afloat was carried by another guest into a vestibule used by the guests and there exploded upon being negligently touched by a lighted cigar of a third guest.

TORT "AND" CONTRACT. Writ in the District Court of Western Norfolk dated February 24, 1933.

The action was heard by *Lynch*, J., who found for the plaintiff in the sum of $1,000. A report to the Appellate Division for the Southern District was ordered dismissed. The defendant appealed.

*H. P. Mason,* (*R. J. Cook* with him,) for the defendant.
*K. C. Tiffin,* for the plaintiff.

DONAHUE, J.   The plaintiff with a party of friends, at
about half past nine one evening, became a guest in a res-
taurant conducted by the defendant.   There were in the
dining room a considerable number of inflated toy balloons
resting against the ceiling and having the appearance of
decorations.   During the evening some of the balloons de-
scended from the ceiling and came into the hands of guests.
At about half past twelve the plaintiff and her friends were
in the vestibule and were proceeding to leave the restaurant
when the outer door of the building was opened and a
gust of wind blew one of the balloons, which had been in
the hands of a guest, against the plaintiff's face.   Another
guest touched the balloon with a lighted cigar; there was
"a flash and an explosion" and the plaintiff's fur coat was
burned on the collar and on the sleeves.   She has brought
this action to recover for that damage.

The judge before whom the case was tried in the District
Court of Western Norfolk found for the plaintiff.   He de-
nied certain requests for rulings presented by the defend-
ant.   In substance, as treated by the defendant in argu-
ment, they were requests that there was no evidence to
support a finding that the defendant was negligent and
requests that the plaintiff's damage was not sustained as
the proximate or immediate result of any negligence of the
defendant.   The trial judge reported his refusals to rule as
requested by the defendant to the Appellate Division and
there the report was ordered dismissed.

The defendant purchased of a "novelty dealer" two gross
of uninflated rubber balloons and a metal drum of gas
which was billed to the defendant as "one tank of gas,
$5.00."   Nothing appears in the record as to what if any-
thing was said by the buyer or by the seller at the time of
the purchase.   There was no evidence as to whether or not
the defendant had ever before purchased balloons and gas
or had used balloons inflated with gas on its premises.   The
defendant brought the balloons and the tank of gas to its
restaurant and the balloons were there inflated from the

tank by the defendant's employees and were placed in the dining room between five o'clock and seven o'clock on the evening when the plaintiff became the defendant's guest.

A chemist called by the plaintiff qualified as an expert and testified that there were only three types of gases which would cause toy balloons to ascend: helium, which is non-inflammable, and hydrogen gas and illuminating gas, both of which are inflammable. He gave the opinion that the balloons in question were inflated with inflammable gas. From the plaintiff's testimony as to what happened and the chemist's description of the effect of touching a lighted cigar to a balloon filled with hydrogen gas it might have been found that the gas which the defendant used was hydrogen. He testified that if a lighted cigar were touched to a balloon containing hydrogen gas there would be a momentary flame and a report, that a slight spark would be sufficient to cause ignition, that the flame would spread and ignite anything inflammable although the rubber of the balloon would not burn and the gas in the balloon would not itself support combustion. He also testified that this type of balloon was used at Revere Beach and other places of amusement and that balloons inflated with hydrogen gas would tend to descend in about three hours. The trial judge found, and there was evidence to support the finding, that the balloons when filled with hydrogen gas were inherently dangerous articles.

Since the presence of the plaintiff in the restaurant of the defendant was a benefit to each, the defendant was under the obligation to use reasonable care to see to it that portions of the premises where the plaintiff was expressly or impliedly invited to go were reasonably safe for her use. *Jacobsen* v. *Simons*, 217 Mass. 194. · *Del Rosso* v. *F. W. Woolworth Co.* 293 Mass. 424. The defendant was also obligated not, without warning, to expose the plaintiff to a danger existent on the premises which was known or ought to have been known by the defendant but was not known or was not of such a character that it should have been known by the plaintiff. *Statkunas* v. *L. Promboim & Son Inc.* 274 Mass. 515, 520. *Kelley* v. *Goldberg*, 288 Mass.

79, 81. *Henebury* v. *Cabot*, 288 Mass. 349, 352, 353, and cases cited. There was no evidence on which it could be found that the defendant actually knew that the balloons when inflated with the gas purchased by the defendant possessed the qualities and characteristics described by the expert witness and manifested at the time of the explosion which resulted in the plaintiff's damage. The question is whether there was evidence warranting a finding that the defendant should have known that the balloons when inflated by it and set free on its premises constituted a danger to its guests.

The defendant is a corporation and when we here speak of the knowledge or the acts of the "defendant" we include the knowledge and the acts of all its employees acquired or done while acting within the scope of their employment. The purchase made by the defendant was not of inflated balloons but of empty balloons and the material with which to inflate them. The defendant at least knew that it was buying something which the dealer called "gas," which had to be delivered under pressure in a metal drum and possessed the property, when put under sufficient pressure in a rubber balloon, of causing the balloon to rise. The word "gas" in its most common, everyday use denotes a kind of matter that is inflammable and a kind of matter which, under confinement, has the propensity of exploding in the presence of fire. The ordinary man would doubtless know that some gaseous forms of matter are not inflammable or explosive. But when such a man bought a drum of "gas" with which he proposed to inflate rubber balloons to be released on his premises where there would be persons whom he should not expose to danger, there would at once come to his mind, we think, a question as to the inflammability of the "gas" and a question as to its disposition to explode while under the frail confinement of a rubber balloon. It cannot be said that there was error in the conclusion by the trial judge that the circumstances in evidence should have brought to the mind of the defendant those thoughts of danger. So far as appears the defendant made no simple tests which might readily have been made to

determine whether the gas was inflammable. When the balloons left the ceiling the defendant did nothing or said nothing. Neither then nor at any time was a warning given as to the potential danger in the balloons. We think the finding was warranted that the balloons when they had descended from the ceiling constituted a danger to the defendant's guests which should have been known by the defendant, that no notice of danger was given and that the defendant was negligent and liable to the plaintiff for any damage which was the proximate result of that negligence.

All that appeared as to prior experience of the plaintiff with inflated balloons was her statement that she had "seen toy balloons explode before, but not make a flash." It could not have been ruled as matter of law that she had or should have had such knowledge of danger in the defendant's balloons (which exploded with a flash) as to relieve the defendant from giving notice of their dangerous qualities. The question of her due care was one of fact for the trial judge to decide.

The defendant contends that the evidence did not justify a finding that there was such a causal connection between the negligence of the defendant and the plaintiff's damage as would in law impose a liability therefor upon the defendant. The contention rests in part on the fact that some one, presumably a guest, took the balloon in question, after it had come down from the ceiling, out into the vestibule. But that act in the circumstances appearing might be found to be something which was to be expected, *Sarna* v. *American Bosch Magneto Corp.* 290 Mass. 340, 344, and hence not a break in causal connection.

The defendant also relies on the fact that the explosion came when another guest touched his lighted cigar to the balloon. The duty of the defendant with respect to the balloon was no different when it was in the vestibule if, as might have been found, its presence there was foreseeable, than when it was in the dining room. Guests were invited to use both rooms and the defendant's duty as to the condition of its premises and the giving of notice of danger was the same in one place as in the other. It could have been

found that the defendant's failure of duty continued and was actively operating while the balloon was in the vestibule and that there negligence of the man with the cigar combined with continuing negligence of the defendant to produce the explosion and damage. On such a finding the conclusion was warranted that there was no interruption in the chain of causation between the defendant's negligence and the plaintiff's damage. *Burke* v. *Hodge*, 217 Mass. 182, 184. *Leahy* v. *Standard Oil Co. of New York*, 220 Mass. 90, 94. *Teasdale* v. *Beacon Oil Co.* 266 Mass. 25, 28. *Morrison* v. *Medaglia*, 287 Mass. 46, 49. *Wallace* v. *Ludwig*, 292 Mass. 251, 255. Am. Law. Inst. Restatement: Torts, § 439.

*Order dismissing report affirmed.*