Wilson, J.
This is an action of tort in which the plaintiff seeks to recover damages resulting from the negligence of the servants or agents of the defendant corporation. The answer, so far as now relied upon, is a general denial. The court found for the plaintiff.
At the trial there was evidence tending to show that the defendant is a corporation engaged in operating a cafe and dispensing intoxicating liquors under a license which is subject to the rules and regulations made by the Alcoholic Beverages Control Commission. The regulations here under consideration are:
#21. No licensee for the sale of alcoholic beverages shall permit any disorder, disturbance or illegality of any kind to take place in or on the licensed premises. *181 The licensee shall be responsible therefor whether present or not.
#50. The license of any licensee, who in the conduct of his licensed business, commits or permits any violation or infraction of any Regulation of the Commission, shall be subject to modification, suspension, cancellation, revocation or forfeiture within the limitations provided or authorized by the Liquor Control Act.
It also appeared that a woman friend of the plaintiff came into the cafe and sat alone in a booth; that about half an hour later a man, uninvited, came from another booth, where he had been sitting with a glass on the table and sat opposite her in the booth. He appeared to be quite drunk. About three quarters of an hour later, the plaintiff and a woman friend entered the cafe, and the plaintiff’s friend, sitting in the-booth, sat with her. The plaintiff sat beside the man, and her two friends sat together on the opposite side of the table. The man was dozing and mumbling. After a while the man got up and went to the men’s room, he visited the cashier’s booth twice, he stopped at other booths and talked to people and sat down at a table in the room. He was unsteady on his feet but was not staggering. He later came over to the booth where the plaintiff was and suddenly pushed the plaintiff, causing the injuries complained of.
The defendant seasonably presented two requests for rulings, namely:
1. The evidence does not warrant a finding that the defendant was negligent.
2. The evidence does not warrant a finding that the defendant had cause reasonably to anticipate that the plaintiff would be injured.
*182 The court denied said requests and found specifically as follows:
“I find that the plaintiff was an invitee of the defendant. I find that while on the defendant’s premises she was injured by a drunken person who had been on the premises in plain sight and had made at least two visits to the cashier’s desk. I find that this drunken man had been on the defendant’s premises for about tWo hours and passed back and forth during this time where he should have been seen and his condition noted by the defendant. I find the defendant negligent.”
The obligation of the operator of a restaurant has been stated in Del Rosso v. F. W. Woolworth Co., 293 Mass. 424, 425, in the following language:
“The defendant by maintaining its restaurant solicited the patronage of the public and impliedly assumed toward the plaintiff, who accepted the invitation, the obligation to use reasonable care to keep its premises in a condition reasonably safe and appropriate for her use and comfort.”
In Robinson v. Weber Duck Inn Co., 294 Mass. 75, 77, the court said:
“Since the presence of the plaintiff in the restaurant of the defendant was a benefit to each, the defendant Was under the obligation to use reasonable care to see to it that portions of the premises where the plaintiff was expressly or impliedly invited to go were reasonably safe for her use. (See cases cited.) The defendant was also obligated not, without warning, to expose the plaintiff to a danger existent on the premises which was known or ought to have been known by the defendant but was not known or was not of such a character that it should have been known by the plaintiff. (See cases cited.) ”
*183 Our attention has been called to no decision in this Commonwealth bearing upon the question before us of whether or not the injury to one guest, by the act of another, under circumstances like the case at bar, creates liability on the part of the owner of the cafe; but in the case of Peck v. Gerber, decided in 1936 in the Supreme Court of Oregon and reported in 106 A. L. R. 996, it was decided that it was a question of fact for the jury to determine whether or not the owner of the restaurant was negligent in permitting the drunken man to remain in and upon the premises after the defendant had notice that he was creating a disturbance. And it was there said, at page 1001, quoting from Sullivan v. Mountain States Power Co., 139 Or. 282, 298:
“The required degree of care is always graduated according to the dang’er attendant upon the activity one is pursuing. The standard does not vary — it is the conduct of an ordinarily prudent person. But such an individual exercises care commensurate with the dangers to be avoided and the likelihood of injury to others.”
And it was further said, at page 1002:
“The operator of a restaurant, dispensing intoxicating liquors and furnishing entertainment, is not an insurer of the safety of his guests, but he owes the duty to them to exercise reasonable care to protect them from injury at the hands of a fellow guest or guests.”
And at page 1003, it was said:
“A guest or patron of such an establishment has a right to rely on the belief that he is in an orderly house and that the operator, personally or by his delegated representative, is exercising reasonable care *184 to the end that the doings in the house shall be orderly.”
Upon all the evidence in the case at bar, we are of opinion that there was evidence of negligence which the trial judge Was justified in submitting to himself as a fact finding tribunal.. The defendant was a corporation. It could only act through its officers and agents. It appears that the drunken man, who caused the disturbance, was allowed to remain in and upon the premises for two hours, and that he conducted himself in a manner which should have been notice to the defendant that he was apt to create trouble at any time.
G. L. c. 138 §24, authorizes and empowers the Alcoholic Beverages Control Commission, with the approval of the governor and counsel, to make regulations, among other things, for the proper and orderly conduct of the licensed business, and provides that such regulations shall have the force and effect of law.
The effect of such regulations upon the liability of the owner of the licensed premises to guests thereof was left undecided in the case of Sullivan v. Crowley, Mass. Adv. Sh. (1940) 1657.
The regulations above set forth seem to us to indicate the manner in which a licensee shall conduct his premises, and failure to comply with the rule falls within the same category as any other rule established by any rule making authority. The violation of such rule is evidence of negligence. See McNeil v. New York, New Haven & Hartford Railroad, 282 Mass. 575, 577, and cases there cited.
The rule was established for the safety and interest of the public who might from time to time patronize the defendant’s cafe. It is immaterial whether the plaintiff *185 drank to excess while in the premises of the defendant or whether he was allowed to remain there for the period of time which he did so remain after he had been guilty of drinking to excess in some other place. Inasmuch as, in our opinion, the question of the negligence of the defendant was one of fact for the trial judge and his finding of fact is clear upon that issue, the requests filed by the defendant became immaterial within the doctrine cited in Strong v. Haverhill Electric Co., 299 Mass. 455. Home Savings Bank v. Savransky, Mass. Adv. Sh. (1940) 2115, 2117, 2118.
No prejudicial error appearing in the record, the report is to be dismissed.