HENRY GRAHAM *vs.* POCASSET MANUFACTURING COMPANY.

Bristol. January 13, 1915. — February 23, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence*, Invited person, Licensee.

Where a man, who formerly had worked in a certain mill, went there to apply to the engineer for work and by invitation entered the weave room of the mill and, after some conversation with the engineer and a weaver, started to leave the room by a door that he never had used before and which opened upon a staircase leading to a different side of the mill from the one by which he had entered, and, there being no platform at the head of these stairs but an immediate descent of seven and a half inches to the top step, he fell down the flight of stairs and was injured, in an action brought by him against the corporation maintaining the mill for his injuries thus caused, it was *held*, that there was no invitation to the plaintiff to leave the weave room by a different door from that by which he had entered it and that, when he attempted to leave in this way, he became a mere licensee to whom the defendant owed no duty to keep its premises safe or to warn him of their condition.

CROSBY, J. The plaintiff was injured by falling down a flight of stairs in the defendant's mill at Fall River. He went to the mill to apply to the defendant's overseer for work. He entered the weave room at the north or the Central Street entrance, which is practically on a level with the street. After some conversation with the overseer, the plaintiff talked with a weaver and then started to leave the mill. He went to a door on the south side of the weave room, opened the door and fell down a flight of stairs that led from the weave room on the south or Pocasset Street side of the mill. The door was on a level with the weave room floor and opened out on to the stairway. It was seven and one half inches from the weave room floor to the top riser, the tread of

which was twelve inches wide; and a person in opening the door and stepping forward would step down seven and one half inches to the top step. There was no evidence that the stairway was improperly lighted, or out of repair, or in a defective condition. The plaintiff contends that the defendant was negligent in maintaining the stairway as it was constructed without warning the plaintiff as to the manner of its construction.

While there was evidence from which a finding would have been warranted that the plaintiff was rightfully in the weave room of the defendant's mill by its invitation, still the defendant was not required to make all the exits from the weave room safe for the plaintiff's use. The evidence shows that the plaintiff never had passed through the door at the head of the stairs before the time of the accident, although he had worked in the weave room for about two weeks at a period about two years before the accident. He testified that he did not know of the existence of the stairway or what was on the other side of the door, before he fell.

The defendant was not obliged to alter the original construction of its mill, but could use it in the way for which it was designed unless in so doing it exposed persons rightfully on the premises to dangers which they had no reason to anticipate. It was the duty of the plaintiff, in leaving the weave room, to pass out by means of the Central Street entrance, the entrance which he always had used in going to and from the weave room, and not to attempt to leave by an exit which he testified he knew nothing about. There was no invitation, express or implied, on the part of the defendant or its agents, to the plaintiff to leave the premises by the door on the southerly side of the weave room, and when he attempted to leave in this way he became at most a bare licensee, as to whom the defendant owed no duty to keep its premises safe.

As was said by Barker, J., in *Cowen v. Kirby*, 180 Mass. 504, at page 506: "If without some special invitation, express or implied, a customer sees fit to pass from that part of the establishment where it is designed and expected that he shall be into other parts not designed or adapted for his use, but for the work of the place, he becomes at best a mere licensee, as to whom the owner or occupant has no duty to keep his premises safe." *Morong*

v. *Spofford*, 218 Mass. 50. *McCafferty* v. *Lewando's French Dyeing & Cleansing Co.* 194 Mass. 412. *Hunnewell* v. *Haskell*, 174 Mass. 557. *Pinney* v. *Hall*, 156 Mass. 225. *Gaffney* v. *Brown*, 150 Mass. 479. See also *Zoebisch* v. *Tarbell*, 10 Allen, 385.

This case is plainly distinguishable from those where a person rightfully upon the premises of another is injured by falling upon a stairway, or other place, because of darkness. See *Marston* v. *Reynolds*, 211 Mass. 590; *Faxon* v. *Butler*, 206 Mass. 500; *Wright* v. *Perry*, 188 Mass. 268; *Marwedel* v. *Cook*, 154 Mass. 235; *Currier* v. *Boston Music Hall Association*, 135 Mass. 414.

We are of opinion that the presiding judge rightly ruled that the defendant was not negligent in maintaining its premises as shown by the evidence, or in failing to warn the plaintiff of the condition of the premises. It therefore becomes unnecessary to consider whether there was evidence to show that the plaintiff was in the exercise of due care.

*Exceptions overruled.*

The case was submitted on briefs.
*D. R. Radovsky*, for the plaintiff.
*F. R. Greene*, for the defendant.