WILLIAM BARTON *vs.* REPUBLICAN COMPANY.

Hampden.    November 2, 1931. — December 1, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Licensee.  *Agency*, Scope of employment.

At the trial of an action for personal injuries against the proprietor of an office building, there was evidence that the plaintiff, upon hiring offices therein, was asked to avoid bringing in his goods at "the lunch hour, and the rush on the elevators"; that he came to the building with a

load of furniture on a Saturday afternoon between one and two o'clock; that, finding one entrance to the building closed, he entered by another; that he spoke with the operator of an elevator in the corridor, who said that he would go and see the manager and see that somebody was put on the elevator to take the furniture up for the plaintiff; that, without the plaintiff's waiting for such arrangement to be made, an employee of a bank opening into the corridor permitted the plaintiff to pass through one of its rooms to a rear passageway and thence into the basement, where he spoke to the engineer of the building about the furniture; that the engineer and the plaintiff got into a freight elevator running from the basement and went to the first floor; and that the plaintiff was injured when the elevator started as he was stepping out of it. There was no evidence of authority in any one with whom he spoke either to operate the elevator in his behalf as a passenger or to invite him to proceed in carrying in his furniture. *Held,* that

(1) The evidence did not warrant a finding that the plaintiff was more than a mere licensee as to the defendant;

(2) The plaintiff could not recover even if the engineer were negligent.

TORT. Writ dated July 23, 1928.

The action was tried in the Superior Court before *Macleod,* J. Material evidence is stated in the opinion. Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff in the sum of $7,200 was recorded. Thereafter the judge ordered the entry of a verdict for the defendant and reported the action for determination by this court.

The case was submitted on briefs.

*G. F. Leary & G. D. Cummings,* for the plaintiff.

*J. P. Kirby,* for the defendant.

WAIT, J. This case is before us upon a report of the trial judge after an order for entry of judgment for the defendant made pursuant to leave reserved under G. L. c. 231, § 120. It is stipulated that if upon all the evidence a jury would have been warranted in finding for the plaintiff, judgment is to enter for the plaintiff in the amount found by the jury; otherwise judgment is to enter for the defendant. All the material evidence is stated in the report.

The essential question is whether the evidence warranted finding that, in the circumstances, the plaintiff stood in such a position that the defendant was liable to him for injuries resulting from the starting of an elevator in a build-

ing owned and controlled by it due to negligence on its part or on the part of any one for whom it was responsible.

The plaintiff testified as follows: In March of 1928 he arranged with one Myrick, an official of the defendant charged with letting offices in the State Building in Springfield, for the hire of an office. His rent was to begin May 1, but he was at liberty to move in at any time before then. He was given keys to the office. He was asked to avoid bringing in his goods at "the lunch hour, and the rush on the elevators." On Saturday afternoon, April 14, between one and two o'clock, he went to the building with a truck loaded with furniture to be put in the office. The truck drew up at an entrance on State Street. He tried the entrance door there but was unable to open it. He went around to an entrance on Main Street where he entered, stepped to an elevator in the corridor, and spoke with the operator, telling him that he had furniture on a van. The operator told him that he would go and see the manager and see that somebody was put on the elevator to take the furniture up for him. The entire first floor was occupied by the Springfield Safe Deposit and Trust Company. Its offices had closed at noon but some employees were still at work there. One of these, known to the plaintiff, opened one of the doors to the company's rooms and showed him through from the corridor opening on Main Street to a rear passage communicating with the basement, and opened, also, the door from State Street. The plaintiff walked down a stairway to the basement. There he found Sullivan, the engineer, in the engine room. A rear elevator used for freight and passengers ran from this basement, and at the first or street floor served the entrance from State Street. He told Sullivan of the furniture in the first floor hallway which he wished to take to the office on the second floor. Sullivan got into the elevator and the plaintiff started to walk up the basement stairway, but, instead, got into the elevator. The car went above the first floor, but Sullivan stopped it, drew back to the first floor, stopped, and opened the doors. As the plaintiff was stepping out, the elevator started and threw

him off his balance so that he fell through the opened door upon the marble floor of the corridor and was injured. For the purposes of this decision, we assume this testimony to be binding upon us. Other witnesses explained, modified, and in part contradicted it, and testified to other circumstances bearing upon the happening; but nothing further was added to the proof of the plaintiff's right to recover. It was essential to recovery that he should stand in the position of one upon the premises by invitation of the defendant, or by legal right amounting to an invitation; and, if negligence of a servant were relied on, that the servant whose alleged conduct caused the injury should have been acting within the scope of his employment.

The law is too well settled to need discussion or citation of authorities.

There is nothing in his testimony to show the plaintiff to be other than a bare licensee. The building was closed so far as reception of freight was concerned. We cannot assume that tenants were invited to bring in furniture after the invitation so to do was withdrawn by closing the doors to the entrance and the hallway leading to the freight elevator. The plaintiff did not wait to find out whether arrangements would be made to permit it. At the invitation of a stranger with no authority to bind the defendant, he passed into the rear hallway. He met the engineer, and, so far as appears, without invitation from him, entered the elevator. Nor was there evidence of authority in any one with whom he spoke either to operate the elevator in his behalf as a passenger or to invite him to proceed in carrying in his furniture. There is nothing to show that any communication had been made to Sullivan by any one acting for the defendant while the plaintiff was passing through the rooms of the Springfield Safe Deposit and Trust Company, or that the plaintiff was justified in so inferring. Compare *Scanlon* v. *United Cigar Stores Co.* 228 Mass. 481.

It follows that in accord with the stipulation in the report our order must be

*Judgment for the defendant.*