HANNAH A. DENNY, administratrix, *vs.* RIVERBANK COURT HOTEL COMPANY.

Middlesex.     October 7, 1932. — February 21, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Negligence*, Invited person, Of hotel proprietor, Contributory. *Agency*, Scope of employment. *Evidence*, Presumptions and burden of proof.

At the trial of an action by an administrator against the proprietor of a hotel for the conscious suffering and death of the plaintiff's intestate, a woman, there was evidence that the intestate was sent to the hotel by an employment agency in response to a request made by the defendant's housekeeper, who was authorized to employ persons to care for rooms in the hotel; that the intestate, upon entering the hotel office, inquired for the housekeeper of a woman seated at a desk, and was directed by her to take an elevator to the basement; that the intestate went down on the elevator and stepped out on a platform above the level of the basement floor, to which a ramp led; that wooden cleats were affixed to one side of the ramp so that persons might walk up and down; that the basement was lighted inadequately; that the intestate, while walking down the ramp, fell and was injured by reason of the worn condition of one of the cleats and a slippery condition between the cleats; and that the housekeeper's office was in the basement and could be reached only by descending the ramp. There was no evidence that any other employee of the defendant than the woman at the desk was in the hotel office when the intestate entered it or that there were signs to indicate any place other than that desk as the place to make inquiries. There was evidence for the defendant that a rule of the hotel was that the elevator in question should be used between the first floor and basement only for the carriage of freight and employees, but the rule was not brought to the attention of the intestate. The defendant did not contend that the intestate was not on the premises by invitation of the defendant when she entered the hotel. *Held*, that

(1) A finding was warranted that the woman at the desk in the hotel office had ostensible authority, upon which the intestate was entitled to rely, to direct the intestate to the housekeeper; her actual authority was immaterial;

(2) A finding was warranted that the intestate rightfully was in the basement at the invitation of the defendant;

(3) In such circumstances, the defendant owed the intestate the duty of using reasonable care to provide premises which were in a safe condition for her use in transacting the business for which she was there;

(4) Findings were warranted that the ramp was not in a safe condition for the use of the intestate and that the unsafe condition thereof should reasonably have been known to the defendant;

(5) No warning of the unsafe condition of the premises having been given to the intestate, a finding of negligence on the part of the defendant was warranted.

At the trial above described, the only evidence as to what occurred at the time of the intestate's fall on the ramp was declarations by her, admitted under G. L. (Ter. Ed.) c. 233, § 65, which were not identical in all respects as to the facts therein recited and which did not show all the facts bearing on her conduct at the time of her injury. *Held*, that it could not properly have been ruled as a matter of law that the intestate was guilty of contributory negligence.

TORT.   Writ dated May 7, 1929.

The action was tried in the Superior Court before *Morton*, J.   Material evidence is stated in the opinion.   The judge ordered a verdict for the defendant and reported the action for determination by this court.

*W. H. McLaughlin*, (*G. A. McLaughlin* with him,) for the plaintiff.

*E. J. Sullivan*, for the defendant.

DONAHUE, J.   The plaintiff as administratrix has brought an action to recover damages for the conscious suffering and death of her intestate, Margaret T. Denny, due to injuries received while in a building conducted by the defendant as a hotel.   The trial judge directed a verdict for the defendant and reported the case upon an agreement of the parties that if the verdict was rightly directed it should stand, but if on the evidence the case should have been submitted to the jury, judgment should be entered for the plaintiff in the amount of $2,500.

On the day that Miss Denny was injured the defendant's housekeeper, Miss Riley, who was authorized to employ persons to do chambermaid work and care for rooms in the hotel conducted by the defendant, made application to an employment agency for such help.   She had on an earlier occasion made a similar application and the employment agency had sent a person to the hotel who was employed by the defendant.   On the day in question, in consequence of Miss Riley's application, the proprietor of the agency sent to the hotel Miss Denny who was seeking

employment. The evidence would not warrant the conclusion and the defendant does not argue that when Miss Denny first walked through the doorway of the defendant's hotel she was not rightfully there by invitation of the defendant. In view of the defendant's contention that Miss Denny while in the basement where the accident occurred had only the rights of a mere licensee, it becomes necessary to consider how she came to be in that part of the hotel premises. Opposite the doorway by which she made her entrance into the hotel, in the center of the hotel office, was a desk at which was seated a young lady. In response to Miss Denny's inquiry for Miss Riley the young lady at the desk told her to take the elevator which was pointed out, to go down one flight and that there she would find Miss Riley. Several weeks after the accident the attorney of Miss Denny went to the hotel and talked with the defendant's manager who pointed out the young lady at the desk who had talked with Miss Denny on the day of the accident and said that she had directed Miss Denny to Miss Riley. Miss Denny followed the instructions given her, and entered the elevator where there was an operator who dropped the elevator car one flight and then opened the door of the elevator car and another door in the side of the elevator well. Miss Denny stepped out into the basement and the doors were closed behind her.

There is nothing in the record to suggest that Miss Denny, who was rightfully on the premises for the purpose of meeting Miss Riley, should have acted otherwise than she did. When she entered the hotel office it does not appear that there was present any employee, officer or agent of the defendant other than the young lady at the desk of whom she might make the necessary inquiry, and there was no evidence of any signs or notices displayed which would indicate to a stranger where inquiries pertinent to the business of the defendant might be made if not made at the desk. The office of a hotel generally is the place of initial contact between strangers and the hotel management. Miss Denny came to the hotel as a stranger at the request of the defendant to see its authorized agent,

Miss Riley. She was directed to go to the basement for that purpose. The record shows that Miss Riley in fact had an office in that part of the hotel premises and, so far as appears, there were no other means provided for reaching it than by the use of the elevator. The evidence, with the reasonable inferences deducible therefrom, would warrant a jury in finding that the young lady at the desk was not only an employee of the defendant but also ostensibly such an employee as might properly be addressed by Miss Denny to obtain the information she needed and one whose directions she was warranted in following. It cannot here be said as a matter of law that Miss Denny was not warranted in trusting in the appearance of the young lady as clerk of the hotel and in assuming that she possessed the authority which she seemed to have. *Newman* v. *British & North American Steamship Co.* 113 Mass. 362, 365. *McDonald* v. *Dr. McKnight, Inc.* 248 Mass. 43, 48. As between the plaintiff and the defendant the actual authority of the young lady is immaterial if she was ostensibly clothed with authority to give the directions which she in fact gave to Miss Denny. *Rintamaki* v. *Cunard Steamship Co. Ltd.* 205 Mass. 115, 120. *Brooks* v. *Shaw*, 197 Mass. 376, 380. *Hosher-Platt Co.* v. *Miller*, 238 Mass. 518, 524. *O'Leary* v. *Fash*, 245 Mass. 123, 124. *Boston Food Products Co.* v. *Wilson & Co.* 245 Mass. 550, 560. *C. F. Hovey Co., petitioner*, 254 Mass. 551, 555. It was agreed that the defendant's engineer, if present at the trial, would testify that the defendant had established a rule, variable solely by its general manager, that the elevator in question should be used between the first floor and basement only for the carriage of freight and employees. No such rule was brought to the attention of Miss Denny. A jury would not be bound to give that evidence credit even though it was uncontradicted, *Lindenbaum* v. *New York, New Haven & Hartford Railroad*, 197 Mass. 314, 323, *Wilson* v. *Grace*, 273 Mass. 146, 152, and in any event the mere fact that an employee acts in violation of orders does not absolve the employer from liability. *Powell* v. *Deveney*, 3 Cush. 300, 305. *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501,

519. On all the evidence a jury would have been warranted in finding that Miss Denny was rightfully in the basement, on the invitation of the defendant, for a purpose in which the defendant as well as Miss Denny had a beneficial interest. On such findings the defendant would owe her the duty of using reasonable care to provide premises which were in a safe condition for her use in effecting their common purpose, that is, the holding of a meeting between herself and Miss Riley for the discussion and determination of the matter of her entering the defendant's service. *Statkunas* v. *L. Promboim & Son Inc.* 274 Mass. 515, 519, and cases cited. *Pope* v. *Willow Garages Inc.* 274 Mass. 440, 442. *Coulombe* v. *Horne Coal Co.* 275 Mass. 226, 230. (Compare as to facts *Alessi* v. *Fitzgerald,* 217 Mass. 576.)

When Miss Denny stepped from the elevator into the basement she found herself on a platform about seven feet long and five and one half feet wide and two and one half feet above the level of the floor. So far as appears there was then no one else in that part of the basement. There were no steps leading from the platform. The only way provided for reaching the floor was a ramp or "skidway" made of wood. The surface of the greater part of its width was very smooth and adapted and used for the sliding of trunks and other heavy objects between the elevator and the floor. But on one side of the ramp wooden cleats had been nailed so that persons might walk up and down between the platform and the floor. It was in fact used by the defendant's employees for that purpose. The basement was inadequately lighted. Although there were artificial lights which would have illuminated the platform and the ramp, they were not at the time lighted. The evidence as to Miss Denny's movements is scanty, but there is sufficient in the record to warrant a jury in finding that she decided to walk down that portion of the ramp where the cleats were and that while doing so "as a result of the worn condition of one of the cleats and the slippery condition between the cleats" she fell and was injured. This is not a case where a person invited to use a portion of an owner's premises proceeds to go into other parts not included in the invitation. See *Graham*

v. *Pocasset Manuf. Co.* 220 Mass. 195, 196. A jury might have found that Miss Denny was invited to go to Miss Riley's office which was located on a corridor in the basement and could be reached only by descending the ramp and that the ramp was not in a safe condition for her passage, *Blease* v. *Webber,* 232 Mass. 165, that the unsafe condition should reasonably have been known to the defendant, and that since it was left unremedied warning should, in the circumstances, have been given Miss Denny. *Shaw* v. *Ogden,* 214 Mass. 475. *Kennedy* v. *Cherry & Webb Co.* 267 Mass. 217, 219. *Crone* v. *Jordan Marsh Co.* 269 Mass. 289, 291. *Statkunas* v. *L. Promboim & Son Inc.* 274 Mass. 515, 520. If such findings were made by a jury the conclusion that the defendant was negligent would have been justified.

The only evidence of what actually occurred at the time of Miss Denny's fall is found in three separate declarations or statements made by her, according to the testimony of three witnesses, which declarations were admitted in evidence under the statute, G. L. (Ter. Ed.) c. 233, § 65. These declarations are not in all respects identical as to the facts therein recited and they lack details which would have pertinence in passing upon her conduct in the use of care both in forming the decision to descend the ramp and in her actual movements while making the descent. The degree of darkness in the basement is variously described and, although it appears that she selected as the place to walk that portion of the ramp which was provided with cleats, it is not clear how much of her description of the appearance of the ramp found in her declarations was based on observations made before she started her descent and how much on what she saw after her fall. All of the facts bearing on the matter of the care employed by Miss Denny do not appear. It could not have been ruled as a matter of law that the defendant had sustained the burden of proving that her negligence contributed to cause her injury. Since a case was presented requiring the determination of a jury, under the terms of the agreement of the parties, judgment must be entered for the plaintiff in the sum of $2,500.

*So ordered.*