JOSEPH LANSTEIN *vs.* ACME WHITE LEAD & COLOR WORKS
& another.

Suffolk.   January 4, 1934. — February 14, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Negligence*, Licensee, Invited person, Contributory.  *Evidence*, Of agency.

One who, uninvited but not forbidden, enters upon the premises of
another in the hope of doing business for his own benefit with that
other is, in law, at best a bare licensee and must take the place as he
finds it; but if, after entering, he engages in business with the other
in which the other is interested, a duty toward him arises to keep the
premises reasonably safe for the purpose to which they are put or to
warn of danger.

At the trial of an action of tort for personal injuries sustained when the
plaintiff fell down an elevator well in a dark hallway on premises of
the defendant, there was evidence that the plaintiff entered the prem-
ises in the hope of renewing with the defendant, after a period of three
years during which the plaintiff had had another occupation, the
buying and selling of empty barrels; that, in answer to a question of
one standing at the entrance, he was told that "Charlie" had charge
of selling barrels; that "Charlie," summoned, undertook to conduct
him to an office; that, while following, the plaintiff fell into the ele-
vator well; that "Charlie" was employed by the defendant to make
putty; and that employees were told to direct any inquirers on the
premises to the office, but were not told to conduct them thither.
*Held*, that

(1) The evidence did not warrant a finding that anyone with
authority from the defendant so dealt with the plaintiff as to render
him an invitee of the defendant;

(2) The plaintiff's only rights were those of a licensee.

Evidence at the trial above described that the plaintiff followed "Charlie"
through a room which, the plaintiff testified, was very dark; that
"Charlie" turned to the right and the plaintiff followed, but lost
sight of him; and that the plaintiff then kept on a few steps in the
dark and fell into the open elevator well, as a matter of law required
a finding that the plaintiff was guilty of contributory negligence.

TORT against Acme White Lead & Color Works and
Sherwin-Williams Company.   Writ dated May 20, 1929.

In the Superior Court, the action was tried before *Gold-
berg*, J.   Material evidence is described in the opinion.   At
the close of the evidence, the judge ordered a verdict for the

defendant Acme White Lead & Color Works. No exception was saved by the plaintiff to that order.

After the recording, with leave reserved, of a verdict for the plaintiff in the sum of $3,975 against Sherwin-Williams Company, the judge ordered entered a verdict for that defendant. The plaintiff alleged exceptions.

Sherwin-Williams Company will hereinafter be referred to as the defendant.

*J. C. Johnston,* (*I. H. Y. Muchnick* with him,) for the plaintiff.

*E. J. Sullivan,* for the defendant Sherwin-Williams Company.

WAIT, J. One who, uninvited but not forbidden, enters upon the premises of another in the hope of doing business for his own benefit with that other is, in law, at best, a bare licensee. He must take the place as he finds it. The other owes him no duty to have the premises reasonably safe for use by him. If, unfortunately, the one who enters is injured in consequence of a careless failure to have the premises safe for the use he makes of them, he has no redress by action at law for negligence. *Plummer* v. *Dill,* 156 Mass. 426. *Alessi* v. *Fitzgerald,* 217 Mass. 576. *Ansara* v. *Skaff,* 259 Mass. 197. *Barton* v. *Republican Co.* 277 Mass. 299. If, after entering, he engages in business with the other in which the other is interested, a duty toward him arises — the duty to keep the premises reasonably safe for the purpose to which they are put or to warn of danger. If because of negligent failure to perform the duty the one who enters is injured without contributing carelessness of his own, he has a cause of action for negligence. *Statkunas* v. *L. Promboim & Son Inc.* 274 Mass. 515, 519. *Coulombe* v. *Horne Coal Co.* 275 Mass. 226. In the matter before us the defendant contends that the case ends with the first proposition; while the plaintiff argues that the second states the applicable rule of law.

At the trial there was evidence as follows: The plaintiff shortly before his accident had gone back to the business of buying and selling empty barrels, after three years devoted to something else. He had dealt in barrels with the de-

fendants for some five years before his taking up other matters; and wished to renew the connection. The Acme White Lead & Color Works used two floors of a four-story brick warehouse at 266 Border Street, East Boston. It did no manufacturing, but distributed goods from there throughout New England. It used an elevator in this brick warehouse. The Sherwin-Williams Company used the brick warehouse, a brick building and a wooden structure in manufacturing whiting. Its office was in the four-story brick warehouse. There was a court yard between the buildings with a driveway from the street. In the forenoon of March 20, 1929, the plaintiff left his team in the street by the gateway and walked into the court yard, in the hope of renewing the buying and selling of barrels with the defendants. He walked to the building in the rear and asked a man standing in the doorway who it was who had charge of selling barrels. The answer was "Charlie." In response to the plaintiff's question whether he could see Charlie, the man opened a door and called: "Charlie." Thereupon a man who answered to that name came out. The plaintiff had some talk with this Charlie about empty barrels. Charlie told the plaintiff to come with him; and they went to the four-story brick building. Entrance was through sliding doors from a platform reached by five or six steps. The plaintiff followed a few steps behind Charlie on to the platform, conversing as they went. Charlie rolled back the doors enough to pass through and went in. The plaintiff followed into a room full of a lot of cases. This room the plaintiff testified was very dark. Charlie turned to the right. The plaintiff followed, but lost sight of him. He kept on a few steps in the dark and fell into the open elevator well. He knew from his past experience that there was an elevator in the building. The office door was about fifteen feet to the left on entering by the rolling doors, while the elevator opening was about the same distance to the right. Charlie was an employee of The Sherwin-Williams Company engaged in making putty. Employees were told to direct any inquirers on the premises to the office. They were not told to conduct them thither.

The evidence with regard to light about the shipping room and elevator was conflicting. There was evidence from a view and from photographs and descriptive testimony which would justify finding the place to be well lighted. The plaintiff testified, however, that it was dark — so dark that he lost sight of Charlie only two or three steps ahead of him, and could not see the elevator opening or where he was going. An employee of The Sherwin-Williams Company was using the elevator at the time.

The entry by the plaintiff was uninvited. His position until the appearance of Charlie, manifestly, was that of a bare licensee. Unless Charlie had authority to do business with him, there is no evidence of anything which later gave the plaintiff the standing of an invitee. Whether Charlie had such authority was matter of fact. Unquestionably there was evidence that he had authority to direct the plaintiff to go to the office; but it was for the plaintiff to show whether, in truth, he was the defendant's employee in charge of dealings in empty barrels, authorized to leave his work in making putty in order to lead the plaintiff to the office or to exhibit barrels stored in the four-story brick warehouse. There is no evidence on these latter points except inference from the conduct and statement of the man in the doorway and of Charlie. There is nothing but speculation with regard to the standing of the man in the doorway. We think the plaintiff failed to introduce evidence which will support a finding that any one with authority from his employer so dealt with the plaintiff as to render him an invitee. *Broitman* v. *Silver*, 270 Mass. 24.

With regard to contributory negligence, although an affirmative defence, upon which only in exceptional circumstances can a verdict for the defendant be directed, we think that upon the plaintiff's own description of his conduct in the darkness which he says enveloped him, it is demonstrated that the plaintiff contributed to his injury by his own carelessness. We have pointed out in *Benton* v. *Watson*, 231 Mass. 582, that even an invitee is not in the exercise of due care in moving about in darkness in an unfamiliar building. The plaintiff's testimony will not

support a finding that he took any care to guard against dangerous openings or obstructions, or that there was, as in *Marston* v. *Reynolds*, 211 Mass. 590, *Goldstein* v. *Slutsky*, 254 Mass. 501, *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176, conduct by any one for whom the defendant was responsible excusing him.

Although the questions are close, we think the judge was right, and that the entry should be

*Exception overruled.*
*Judgment for defendants.*