FRANCES DAVIS *vs.* CARRIE R. BEAN.

Essex.    April 12, 1937. — September 15, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Invited person, One owning or controlling real estate.

Evidence merely of a newspaper advertisement of an apartment to let with a direction to "apply at" a certain house, and of a "to let" sign in the window of the lower apartment of the next house, which was owned by the advertiser, would not warrant a finding that one who entered the house owned by the advertiser and went to the second floor was an invitee of the advertiser.

TORT. Writ in the District Court of Southern Essex dated May 16, 1935.

In the District Court, *Phelan*, J., ruled that the evidence did "not warrant a finding that the plaintiff was . . . an invitee of the defendant," and found for the defendant, and his report to the Appellate Division for the Northern District was ordered dismissed. The plaintiff appealed.

*H. I. Berman*, for the plaintiff.

*John J. Sullivan*, (*W. I. Badger* with him,) for the defendant.

QUA, J. The plaintiff sues for personal injuries received by her as the result of a fall alleged to have been caused by defective linoleum at the top of stairs in a building owned and controlled by the defendant to which the plaintiff had gone to inquire about the hiring of a tenement.

The case turns upon what, if any, invitation was extended by the defendant to the plaintiff. The evidence most favorable to the plaintiff was this: The defendant lived at 572

Essex Street, Lynn. She advertised in a local paper, "Five room flat to let, heated, . . . apply at 572 Essex Street." The plaintiff saw the advertisement and "went looking for number 572 Essex Street." She came to 574 Essex Street, owned by the defendant, and saw a sign in the vacant lower tenement which read, "Five Room Tenement To-Let, Heated." She went to the front door of number 574 and rang the bell. Receiving no answer, she went around to the rear door and rang the bell connected with the lower floor. There being still no response, she entered the hallway and walked up a common stairway to the second floor, where she talked with the tenant on that floor and was told that "the landlady" lived next door at number 572. The accident occurred as she started to return down the stairs.

This evidence was insufficient to support a finding that at the time she was injured the plaintiff was acting within the scope of any invitation from the defendant. The advertisement invited the plaintiff to the defendant's residence at number 572 and not to number 574. The invitation, if there was any, implied from the sign in the front of the vacant lower tenement cannot, upon any evidence in this case, be stretched to cover a visit to the second floor reached through a rear door and stairway. There was nothing to suggest to applicants that they were expected to take that course. *Cowen* v. *Kirby*, 180 Mass. 504. *Morong* v. *Spofford*, 218 Mass. 50. *Graham* v. *Pocasset Manuf. Co.* 220 Mass. 195. *Barton* v. *Republican Co.* 277 Mass. 299. *Osgood* v. *Therriault*, 290 Mass. 513. *Herman* v. *Golden, ante,* 9, 12. The facts are altogether different from those in *Serota* v. *Salmansohn*, 256 Mass. 224, and *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176.

As the plaintiff failed to show that the defendant owed her any duty of care with respect to the condition of the premises at the place of the accident, the finding for the defendant was right, and it is unnecessary to discuss the various rulings in detail.

*Order dismissing report affirmed.*