RAIDA WILSON & another *vs.* JACOB RAIDER.

Middlesex.   June 28, 1944. — September 13, 1944.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Negligence,* Contributory, Store.

A finding of contributory negligence on the part of a customer of a store was not required by evidence that, after being conducted by a clerk to an unlighted basement of the store to look at some goods, the customer was injured by stepping into a hole while following the clerk across the basement in the dark.

TORT.   Writ in the District Court of Natick dated December 23, 1941.

Upon removal to the Superior Court, the case was tried before *Collins,* J.

In this court the case was submitted on briefs.

*T. H. Mahony,* for the defendant.

*F. P. Hurley,* for the plaintiffs.

SPALDING, J.   This is an action of tort with a declaration in two counts in which Raida Wilson, hereinafter called the plaintiff, in the first count seeks compensation for personal injuries sustained by her in the defendant's store; in the second count the plaintiff's husband claims consequential damages. See G. L. (Ter. Ed.) c. 231, § 6A, inserted by St. 1939, c. 372, § 1.

The case was submitted to a jury and verdicts were returned for the plaintiff and her husband.  The case comes here on exceptions of the defendant to a denial of a motion for a directed verdict on each count.  The bill of exceptions states that there was evidence from which the jury could find that there was a depression or hole in the basement of the defendant's store and that the defendant could be found to be negligent in permitting it to remain there; the

bill further states that the only issue sought to be raised is that of the plaintiff's due care.

The jury could have found these facts: The plaintiff went to the defendant's furniture store about 8:30 P.M. to purchase a baby carriage. A clerk was directed to show her some carriages which were on display in the basement; he preceded her and turned on the lights on the stairs leading to the basement. Upon arriving at the bottom of the stairs the clerk continued on for some distance through several aisles. The plaintiff, who was following a few feet behind, stepped into a hole or depression, fell to the floor and was injured. There were no lights at the place where she fell; "It was dark" and she could "just distinguish the . . . [clerk] three or four feet in front of . . . [her]."

There was no error in the denial of the motions for directed verdicts. Whether the plaintiff was in the exercise of due care was for the jury to decide. In the circumstances the plaintiff might be found to have proceeded as she did without being guilty of negligence, even though it was dark. The jury could conclude that there was conduct, by one for whom the defendant was responsible, excusing the plaintiff. The case falls within the class of cases illustrated by *Marston* v. *Reynolds*, 211 Mass. 590, 593, *Goldstein* v. *Slutsky*, 254 Mass. 501, 505, *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176, 181, *Kelley* v. *Goldberg*, 288 Mass. 79, 83, and *Tetrault* v. *Ghibellini*, 316 Mass. 477, and is distinguishable from cases like *Herman* v. *Golden*, 298 Mass. 9, 12, *Perry* v. *Loew's Boston Theatres Co.* 291 Mass. 332, 334, *Osgood* v. *Therriault*, 290 Mass. 513, 516, and *Benton* v. *Watson*, 231 Mass. 582 (relied on by the defendant), where the plaintiff was not misled by any act of the defendant.

*Exceptions overruled.*