SAMUEL A. SMITH *vs.* SIMON'S SUPPLY COMPANY, INC.

Bristol.    October 27, 1947. — December 2, 1947.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Negligence*, Invited person, Licensee, One owning or controlling real estate, Contributory.

A customer of a store, after being directed by a clerk to go to the cellar to mix some cement for himself and after finding that the route which he had used to go to the cellar on previous occasions was unavailable, was at most a licensee and was also guilty of contributory negligence in attempting in a dim light to grope his way down a strange stairway which he had noticed nearby, instead of returning to the street floor.

TORT.    Writ in the Superior Court dated March 2, 1945.

The action was tried before *O'Connell*, J.

*G. W. Walsh,* for the plaintiff.

*W. J. Fenton,* for the defendant.

LUMMUS, J.    In this action of tort for negligence resulting in personal injury to the plaintiff, the verdict was for the plaintiff, but on leave reserved the judge allowed the defendant's motion to enter a verdict for the defendant, and reported the case.

The plaintiff was the only witness on the question of liability.   His testimony was substantially as follows: The defendant has a hardware and general supply store in New Bedford.   The plaintiff, on December 27, 1944, went to the store to buy some patching plaster.   A clerk of the defendant told him that cement would be better, and directed him to go down cellar, where he would find cement and sand, and could make the mixture himself.   The plaintiff went down a stairway toward the cellar.   On other occasions when he had traded at the store, he went down the stairway, and through a door marked "employees only."   But on this occasion he tried that door, and could not open it.   He then saw another opening that seemed to lead down to the cellar. There was no artificial light there.   The light on the stairs

was dim, and was insufficient to permit the plaintiff to see where he was stepping. The stairs were not straight, but were in short flights that turned at right angles, with landings between the flights. At one landing, he "stepped on something uneven on the landing which tipped his foot over. He stepped forward with the other foot to gain his balance and stepped off into space. . . . At the time when it happened, he was unable to see where he was stepping because of the lighting conditions at that point." He fell to the cellar floor, and fractured his hip.

The direction of the clerk cannot be construed as an invitation to use the stairway upon which the plaintiff was injured, regardless of its condition as to light. The plaintiff was at most only a licensee in the place where he was hurt, and was owed no duty of care. *Cowen* v. *Kirby,* 180 Mass. 504, 506. *Morong* v. *Spofford,* 218 Mass. 50. *Graham* v. *Pocasset Manuf. Co.* 220 Mass. 195, 196. *Scanlon* v. *United Cigar Stores Co.* 228 Mass. 481, 484. *Herman* v. *Golden,* 298 Mass. 9, 12. *Davis* v. *Bean,* 298 Mass. 135. *Palmer* v. *Boston Penny Savings Bank,* 301 Mass. 540, 543. *Clifford* v. *Wellington Diners, Inc.* 321 Mass. 237.

Moreover, the evidence given by the plaintiff shows that he was not in the exercise of due care. He found himself in the dark, in a place strange to him, and unable to see where he was stepping. Instead of returning to the street floor, he attempted to grope his way down a strange flight of stairs. We think that his conduct amounted to contributory negligence, and bars him from recovering. *Campbell* v. *Abbott,* 176 Mass. 246. *Daley* v. *Kinsman,* 182 Mass. 306. *Murphy* v. *Cohen,* 223 Mass. 54. *Benton* v. *Watson,* 231 Mass. 582, 584. *Burke* v. *Crimmins,* 256 Mass. 14, 16. *Lanstein* v. *Acme White Lead & Color Works,* 285 Mass. 328, 331, 332. *Osgood* v. *Therriault,* 290 Mass. 513, 516. *Perry* v. *Loew's Boston Theatres Co.* 291 Mass. 332, 334. *Story* v. *Lyon Realty Corp.* 308 Mass. 66, 71. *Roy* v. *Oxford,* 317 Mass. 174, 176. Note, 163 A. L. R. 587.

*Judgment for the defendant.*