LILLIAN SHANER *vs.* IMPERIAL MOTOR SALES, INC. December 1, 1948. Exceptions overruled. In this action of tort the jury returned a verdict for the plaintiff which was recorded under leave reserved. Thereafter the judge entered a verdict for the defendant subject to the plaintiff's exception. The correctness of this action presents the only question for decision. These facts could have been shown. On Thanksgiving day, 1945, the plaintiff, accompanied by her husband, was driving an automobile on Huntington Avenue, Boston. One of the tires went flat, and she stopped at the defendant's garage to see if she could have the tire changed. After learning that she could, she drove the automobile into the garage through a large door on the extreme left. In the middle of the front of the garage opposite the gasoline pumps is a glass paneled door leading to the "gas station office" which is level with the sidewalk. At the extreme right of the garage and at a considerable distance from the center door are two doors close together, the first of which leads into a show room and that on the right leads to the cellar or boiler room. The door on the right has a wooden panel and is different in appearance from the other doors. To enter these doors it is necessary to climb a flight of steps. While the tire was being changed, the plaintiff went to a store near by, which was to the right of the garage, to make a telephone call. "In order to leave the garage proper she walked down a very short stairway of three or four steps and went out of an ordinary door which was 'immediately from the last step.'" When she came out of the garage it "was perfectly light" and "she saw her way out very well." After completing the telephone call the plaintiff returned, and, after trying one door which was locked, she tried the next door which was on the right hand corner of the building, and it opened. When she got inside it was dark and she could not see. She put her foot up "for the step . . . [she] had come down" and "then knew nothing more until she found herself in a sooty basement." There was no error. Obviously the plaintiff returned through a different door from the one she went out of. The conclusion is inescapable that she left by the center door. There would appear to be no good reason why she should not have used that door on her return. In any event we are of opinion that on this record, which includes photographs showing the location and appearance of the various doors, a finding that an invitation, express or implied, was extended to the plaintiff to enter where she did would not have been warranted. The plaintiff was therefore at most only a licensee in the place where she was injured and was owed no duty of care. The case is governed by such cases as *Davis* v. *Bean*, 298 Mass. 135, *Clifford* v. *Wellington Diners, Inc.* 321 Mass. 237, and *Smith* v. *Simon's Supply Co. Inc.* 322 Mass. 84, rather than by *Palmer*

v. *Boston Penny Savings Bank,* 301 Mass. 540, 544, and *Pope* v. *Willow Garages Inc.* 274 Mass. 440, 443, relied on by the plaintiff. In view of this conclusion it is not necessary to determine whether the plaintiff was contributorily negligent.

*R. I. Gottlieb,* for the plaintiff, submitted a brief.

*R. B. Coulter, (P. S. Ratzkoff* with him,) for the defendant.