JOHN LOCKWOOD vs. JAMES SETOUNIS.

Middlesex. May 5, 1980. — August 29, 1980.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Negligence,* Contributory. *Practice, Civil,* Judgment notwithstanding
verdict.

In a negligence action for injuries sustained by the plaintiff prior to the
adoption of the comparative negligence statute, evidence that the
plaintiff was injured when he fell through an opening in the floor of a
dimly lit apartment undergoing renovation, that he knew the apart-
ment was under construction, and that he could not see the floor be-
yond the incomplete stud partition which he entered, but he assumed
the floor was there warranted a conclusion that the plaintiff was con-
tributorily negligent as a matter of law. [409-410]

TORT. Writ in the Superior Court dated June 26, 1969.
The action was tried before *Morse,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Gerald L. Nissenbaum (Stephen I. Lipman* with him) for
the plaintiff.

*Thomas D. Burns* for the defendant.

WILKINS, J. We deal with the question of a plaintiff's
contributory negligence as to injuries he sustained before
Massachusetts adopted a comparative negligence statute.
The plaintiff was injured when, in the nighttime on August
3, 1967, he fell through an opening in the floor of an apart-
ment undergoing renovation by the defendant in a former
warehouse owned by the defendant. The plaintiff had been
a guest at a party in a recently completed apartment on the
second floor of the building and had inspected two unfin-
ished apartments on upper floors. Later in the evening,
after going outside alone for a breath of air, he reentered the

building and noticed an open doorway off the first floor foyer. Light from the hallway allowed him to see into an empty apartment with an unfinished stud partition across it. He entered the darkened apartment to ascertain its layout. He could see the wall beyond the partition dimly but could see nothing below as he stepped through the partition. He put his foot through the partition, felt a solid flooring, walked two or three steps, stepped into space, and fell ten feet to the basement, sustaining severe injuries.

The case was tried to a jury in December, 1978. The defendant moved for a directed verdict arguing that (a) the plaintiff was contributorily at fault as a matter of law and (b) because the plaintiff was a trespasser, the defendant's duty was merely not to engage in wilful, wanton, or reckless conduct and the evidence did not warrant such a finding. The judge denied the motion. The jury answered special questions to the effect that the defendant was negligent and that the plaintiff was not. The judge granted the defendant's motion for judgment notwithstanding the verdict. See Mass. R. Civ. P. 50 (b), 365 Mass. 814 (1974). We transferred the plaintiff's appeal here on our own motion. We affirm.

We conclude that the plaintiff was contributorily negligent as a matter of law. The accident occurred before January 1, 1971 (the effective date of our comparative negligence statute), and hence the plaintiff's contributory fault would be an absolute bar to recovery. See G. L. c. 231, § 85, as appearing in St. 1973, c. 1123, § 1. Because of our conclusion on the question of contributory fault, we need not address the question of the plaintiff's status, as a trespasser or otherwise, or the question of the standard of care to which the defendant should be held in the circumstances.

In this situation, of course, we must view the evidence in the light most favorable to the plaintiff. *D'Annolfo* v. *Stoneham Hous. Auth.*, 375 Mass. 650, 657 (1978). *Alholm* v. *Wareham*, 371 Mass. 621, 623 (1976). *O'Shaughnessy* v. *Besse*, 7 Mass. App. Ct. 727, 728 (1979). The evidence shows, on the plaintiff's own testimony, that he entered a

dimly lit apartment, which he knew was under construction. He could barely see the back wall through an incomplete stud partition. He could not see the floor beyond the partition, but he assumed the floor was there.

The plaintiff's conduct fits the pattern of our cases that have held that such conduct is negligent as a matter of law. See *Walton* v. *Hoffman,* 356 Mass. 716 (1969); *Hultberg* v. *Truex,* 344 Mass. 414, 419 (1962) (collecting cases); *Smith* v. *Simon's Supply Co.,* 322 Mass. 84, 85 (1947). What this court said in *Lanstein* v. *Acme White Lead & Color Works,* 285 Mass. 328, 331 (1934), is appropriate here: "With regard to contributory negligence, although an affirmative defence, upon which only in exceptional circumstances can a verdict for the defendant be directed, we think that upon the plaintiff's own description of his conduct in the darkness which he says enveloped him, it is demonstrated that the plaintiff contributed to his injury by his own carelessness." Cases on which the plaintiff relies involving falls in dark premises are inapposite. Some presented a jury question as to the reasonable reliance of the plaintiff because of conduct of the defendant. See *Peay* v. *Reidy,* 321 Mass. 455, 459 (1947); *Kelley* v. *Goldberg,* 288 Mass. 79, 83 (1934). Others involved the possibility that the plaintiff reasonably relied on misleading physical conditions. See *Marston* v. *Reynolds,* 211 Mass. 590, 593 (1912); *Humphreys* v. *Portsmouth Trust & Guarantee Co.,* 184 Mass. 422, 424 (1903). Each of these cases may be characterized as involving conduct or conditions attributable to the defendant "which misled the plaintiff to a false sense of safety." *Benton* v. *Watson,* 231 Mass. 582, 584 (1919). No such circumstances exist in this case.

*Judgment affirmed.*