LYDIA E. MORONG *vs.* ELLEN A. SPOFFORD.
DANIEL MORONG *vs.* SAME.

Essex.    March 26, 1914.—May 22, 1914.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & CROSBY, JJ.

*Negligence,* Of one controlling real estate. *Landlord and Tenant,* Landlord's duty to tenant's customer.

The owner of a building, who has let the entire second floor to a milliner but retains control of a front stairway leading to a landing on the second floor and of the landing itself, on which are doors leading to the milliner's rooms, and also of a rear stairway which is approached from the landing through a closed door and leads to the rear of the first floor, is not liable for personal injuries received by a customer of the milliner who, going to the landing by the milliner's invita-

tion, by mistake opened the door leading down the back stairs and fell down
those stairs, because it cannot be said that the owner invited the customer to
use the back stairs or was under any obligation to the customer to keep the
door leading to them locked.

CROSBY, J. The female plaintiff, whom we shall refer to as
the plaintiff, brings this action to recover damages for injuries
received by falling down a flight of stairs in a building owned by
the defendant. The action brought by Daniel Morong, the hus-
band of the first named plaintiff, is to recover for consequential
damages on account of injuries sustained by her. These cases
are before us upon the report of the presiding judge of the Supe-
rior Court,* after a verdict for each plaintiff.

The undisputed evidence shows that the plaintiff, on Novem-
ber 11, 1909, at about half past eight o'clock in the evening,
ascended a flight of stairs to visit the store of one Gilchrist, a mil-
liner, which was on the second floor of the defendant's building;
that there was a hallway or landing on the second floor with two
doors leading into the Gilchrist store, and a third door leading
from this landing down to the rear of the first floor. There was no
lock on this door, which was at the top of the back stairway. The
landing is about eight feet square and was lighted. The rear
stairway was not lighted and there was no means of lighting it.
The tenant Gilchrist occupied the whole of the second floor of
the building, and "the plaintiff was familiar with the premises
and had visited the store of said Gilchrist on the second floor on
a number of occasions, and had been there earlier that day. She
had, however, never been on any portion of the premises except
the premises of said Gilchrist and the front stairs and landing
at the top of said stairs leading to the apartments of said Gil-
christ." The defendant retained possession of the back stair-
way. It appeared that the plaintiff had visited the store in the
afternoon of the day of the accident and was told by Mrs. Gil-
christ that the latter would see her (the plaintiff) that evening
in her (Gilchrist's) kitchen, as the store would not be open.
The plaintiff testified that when she reached the landing she
tried Mrs. Gilchrist's door and found it was locked; "And then
I turned round and there was a door that went opposite to the

* *Bell*, J.

door where you go down on to the street and I opened it.   I said, 'I guess this is the door,' opened it and it swung in over the stairs. . . . I made a step forward. . . . There was n't any landing on the other side, and I went head first down the stairs."

While there was an implied invitation from the defendant as the owner of the premises to the plaintiff to use the front stairway and landing leading to the Gilchrist store, and the defendant owed her the duty of exercising reasonable care to provide safe and suitable approaches thereto, we are of opinion that there is no evidence which would warrant a finding that there was any invitation from the defendant to the plaintiff to open or pass through the door leading down the rear stairway, and that the defendant owed her no duty to keep the door locked.   It could not be found that she had a right to assume, as the door was not locked, that it was intended that she might use it as a means of ingress to or egress from the premises.   Accordingly we are of opinion that there is no evidence of negligence of the defendant. It follows that, in accordance with the terms of the report, judgment should be entered for the defendant in each case.

*So ordered.*

*C. S. Knowles,* for the defendant.
*T. S. Herlihy,* for the plaintiffs.