CATHERINE CAHAN, executrix, *vs.* CATHERINE E. REARDON.

Norfolk.     March 2, 1943. — March 31, 1943.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Unsound Mind. Gift. Assignment.*

A finding by a judge of probate that an aged woman lacked donative capacity to make a transfer of property five days before her death was not plainly wrong on reported evidence as to her physical and mental condition at that time and could not be disturbed on appeal.

PETITION, filed in the Probate Court for the county of Norfolk on March 7, 1942, by the executrix of the will of Catherine Connolly, seeking to avoid a purported assignment of coöperative bank shares by the decedent to the

respondent on the alleged ground that the decedent was "incompetent physically and mentally to execute said assignment."

A decree favorable to the petitioner was entered by *Reynolds*, J. The respondent appealed. The evidence was reported.

*W. Gordon*, (*A. H. Sibley* with him,) for the respondent.

*E. Field*, for the petitioner.

RONAN, J. In this case we are asked to reverse a decree which imports a finding that the testatrix lacked donative capacity, made by the trial judge after he had heard oral testimony which, while in conflict in some particulars, was sufficient, if given credence by him, to establish as facts that the testatrix, a woman in her seventy-seventh year and "very old for her years," was suffering from a complication of diseases which grew progressively worse from the time she was confined to her bed on March 24, 1940, until she died on May 19, 1940; that, during the two weeks before her death, she lapsed into a comatose condition due to the toxic effects of her maladies and to the administration of narcotics, became oblivious to her surroundings, failed to recognize her physician, and was unable to make any decision or form any judgment; and that on May 14, 1940, assisted by another, the testatrix, who on previous occasions knew how to sign her name, put a cross upon a paper purporting to assign her coöperative bank shares to the respondent.

Appeals in probate conform to equity practice so far as practicable and applicable, and a finding of fact not shown upon the reported evidence to be plainly wrong cannot be disturbed. *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79. *Buckley* v. *Buckley*, 301 Mass. 530. *Hiller* v. *Hiller*, 305 Mass. 163. *Culhane* v. *Foley*, 305 Mass. 542.

*Decree affirmed.*