GEORGE F. GIDGE *vs.* SECURITY REALTY COMPANY & another. June 1, 1964. Exceptions overruled. There was no error in directing a verdict for each defendant. The plaintiff's injuries occurred on January 27, 1959, about 8:20 P.M. as a result of his fall into the elevator shaft of the office building in which he had desk space with a tenant. The plaintiff testified that the corridor was dark and that he opened the unattended elevator shaft door by inserting a rod through a small hole and moving the handle of the lock bar. He had done this for years, on frequent visits "after hours," having learned of the rod and its use from observing another person thus enter and use the elevator. He also testified that just as he opened the door his attention was caught by a siren in the street and that he then turned and fell. At best for the plaintiff, he assumed the elevator was there because of his observation of the light conditions in the shaft prior to his opening the door and his prior experience of always finding the elevator there upon opening the door. This assumption could not overcome the necessary conclusion that the plaintiff was not in the exercise of due care in failing to look before he stepped. *Gambardello* v. *H. J. Seiler Co.* 335 Mass. 49. *Hultberg* v. *Truex,* 344 Mass. 414, 418–419. The plaintiff's case would have been no stronger with the excluded photograph or his excluded testimony that he believed the door would not open if the elevator was not in place. The basis for this belief had already been shown.

*Mack M. Roberts* for the plaintiff.
*Frederick S. Pillsbury* for the defendant Security Realty Company.
*Earl H. Wright* for the defendant Otis Elevator Company.

LUCIE L. HARDY *vs.* LOUIS S. FINGER & others, executors, & others. June 1, 1964. Decree affirmed. The petitioner appeals from a decree denying her petition that she be declared the owner of funds on deposit in several banks in the name of the respondent executors' testatrix for whom the petitioner had worked as housekeeper for several years preceding the testatrix's death in October, 1960. The petitioner contends that the bankbooks had been given to her by the testatrix. At the time of the testatrix's death and for four years prior thereto, the bankbooks were in the possession of the testatrix's conservator. The judge found that, although there were notations on several of the bankbooks and jackets, some bearing the testatrix's signature, to the effect that the books were to be considered the property of the petitioner, the testatrix in fact had never made a delivery of and had never intended a gift of the bankbooks to the petitioner. The evidence, reported under G. L. c. 215, § 18, does not show these findings, decisive of the case, to be plainly wrong. *Cahan* v. *Reardon,* 313 Mass. 471, 472. *Monaghan* v. *Monaghan,* 320 Mass. 367, 369–370. *Kobrosky* v. *Crystal,* 332 Mass. 452, 460.

*Sabina V. Bush* for the petitioner.
*Fredric S. O'Brien,* Town Counsel, for the intervener, Town of Andover
*W. Clifford McDonald* for the respondents.