*Western District*
### MARY S. DUMAS
#### v.
### MARY E. DONOHUE, ADMINISTRATOR DE BONIS NON OF THE ESTATE OF MARY E. DONOHUE

Argued: April 14, 1964—Decided: July 7, 1964.

*Present*: Moore, P. J., Allen & Sloan, JJ.

Case tried to *Garvey, J.* in the Central District Court of Worcester. No. '63-T-94.

*Allen, J.* This is an action of tort transferred to this court for trial by the Superior Court under the provisions of G. L. (Ter. Ed.) c. 231, §102c in which the plaintiff seeks to recover damages for personal injuries sus-

tained when she fell on premises owned by the defendant's intestate, Mary E. Donohue (Donohue), allegedly due to the negligence of Donohue in not properly maintaining said premises. The answer was a general denial, contributory negligence and assumption of the risk. After a trial the court found for the plaintiff.

*The evidence showed* the premises consisted of a three tenement house in Worcester owned by Donohue, who occupied the first floor tenement. On April 10, 1960 she requested the plaintiff, an attorney, to come to the house to prepare her income tax return. Plaintiff, who knew Donohue had been ill and in the hospital had been to the house on one previous occasion at which time she used the front entrance. This time she entered by the rear hallway, described by testimony and shown by a photograph, made part of the report. Upon opening the outside door she faced a panelled door at the far end of the hallway. This door led to Donohue's tenement. On the right jamb of this door was a door bell push button. Just above this button was a name plate bearing the name "Miss Donohue". The knob for this door was on its right side near the push button.

Just inside the door from the porch into the hallway through which the plaintiff had entered and to the right was a stairway leading to the second floor. This stairway from its handrail down to the floor of the hallway was enclosed and at the far end, under the

stairway, was a door. This door was at right angles to the door to Donohue's tenement. Its left jamb abutted the right jamb of the door to the tenement. The door under the stairs opened onto a stairway, without a platform, leading to the cellar. The knob of this door was on its right side. Just to the right and a little above its knob was a light switch. The plaintiff knew the house had three tenements and a cellar.

The plaintiff walked to the far end of the hallway, pushed the bell button a few times. Receiving no answer she opened the door to her right, did not turn on the light switch, and stepped through the cellar door opening into a darkened area and fell down the cellar stairs causing the alleged injuries.

The defendant duly filed requests for rulings of law among which were the following:

#2. The evidence in this case does not warrant a finding that the defendant's intestate was negligent.

#8. The evidence in this case requires a finding that negligence of the plaintiff contributed to cause her alleged injuries.

To the denial of these requests the defendant claims to be aggrieved and claimed this report.

The trial justice filed a document entitled "Finding, Rulings and Decision" the complete text of which follows:

"After hearing the parties and their witnesses, and upon consideration of all of the evidence, I find:

"1. The plaintiff, a lawyer, on Sunday, April

10, 1960 was invited by Mary E. Donohue, (defendant), now deceased, to come to her home for the purpose of preparing her income tax return. She arrived about 4 p.m. and went to a three family house numbered 74 Harlem Street in Worcester, which was owned by the defendant and in which she occupied the tenement on the first floor. The defendant had been ill for several years prior to this time which was known to the plaintiff.

"2. The plaintiff, when she arrived at the premises went to the rear entrance. Upon entering the rear hallway she went straight ahead where there was a wooden panel door to the immediate right on which was a button for a doorbell. At right angles to this door was another solid wooden panel door. The plaintiff pushed the bell button two or three times. There was no response. Thinking the defendant, because of her illness, was sleeping or unable to come to the door, the plaintiff opened the door to the right. Immediately on doing so, she fell down an unlighted flight of stairs to the floor of the cellar. She sustained injuries requiring medical attention which prevented her from engaging in her profession for a long period of time.

"3. There was no platform at the time of the stairs leading to the cellar and the entrance door formerly had a sign on it stating it was a doorway to the cellar. This sign had been removed some time before this accident

by children, which fact was known to the defendant.

"4. I find that the plaintiff was a business invitee and that the defendant was negligent in maintaining the premises without warning and without lights to one invited on the premises of the danger of opening the door leading to the stairway to the cellar. The plaintiff was in the exercise of due care. "All of the defendant's requests for rulings are denied, having been made inapplicable by my findings of fact."

We cannot concur with the trial judge's finding that the defendant was negligent "in maintaining the premises without warning and without light" or that "the plaintiff was in the exercise of due care".

■■ The evidence shows as matter of law that the defendant was not negligent in the maintenance of the premises and that the invitation of the defendant to the plaintiff did not extend to the use of the cellar door; also that by opening the door to her right, under a stairway, and stepping into an unlighted cellar the plaintiff was guilty of contributory negligence.

The evidence considered most favorable to the plaintiff indicated premises reasonably safe for any person using reasonable care.

■ The construction of the house was such as is common in three tenement houses. The door directly in front of the outside entrance having a push button and the name on the right side clearly indicated it to be

the entrance of the tenement of Donohue.

> "The defendant was not obliged to alter the original construction [of the building], but could use it in the way for which it was designed unless in so doing it exposed persons rightfully on the premises to dangers which they had no reason to anticipate."

*Graham v. Pocasset Manufacturing Co.*, 220 Mass. 195; *Marong v. Spofford*, 218 Mass. 50.

Although the invitation may have extended to the use of the rear entrance and the rear door to Donohue's tenement, she owed the plaintiff only the duty of exercising rasonable care to provide safe and reasonable approaches and entrances and the evidence does not warrant a finding that there was an invitation to open the door leading to the cellar. *Marong v. Spofford* 218 Mass. 50; *Benton v. Watson*, 231 Mass. 582; *Paris v. Howard D. Johnson Co.*, 340 Mass. 739; *Shaner v. Imperial Motor Sales, Inc.*, 323 Mass. 755.

The plaintiff's conduct in stepping through a doorway under the stairs to the second floor and into darkness, not being able to see where she was going, constituted contributory negligence. *Gidge v. Security Realty Co.*, 347 Mass. 779; *Benton v. Watson*, 231 Mass. 582.

There was prejudicial error in the denial of the defendant's requests numbered two and eight.

*The finding for the plaintiff is to be vacated and a finding entered for the defendant.*

Herman J. Dumas, of Worcester, for the Plaintiff.

William T. Talcott, Jr., of Worcester, for the Defendant.