RAYMOND COUGHLIN ELECTRICAL CO., INC. *vs.* SPEAR CONSTRUCTION CORPORATION.

Hampden.    February 9, 1966. — March 10, 1966.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Practice, Civil,* Exceptions: filing of bill.

Under the provision of G. L. c. 231, § 113, requiring a bill of exceptions to be filed within twenty days after verdict or notice of decision "unless further time is allowed by the court," an extension of time for the filing must be allowed within the twenty days. [409]

The next to last sentence of G. L. c. 231, § 113, as amended by St. 1945, c. 328, does not apply to a bill of exceptions not seasonably filed. [409]

Raymond Coughlin Electrical Co. Inc. *v.* Spear Construction Corp.

The last sentence of G. L. c. 231, § 113, as amended by St. 1945, c. 328, did not permit allowance of a motion, filed long after expiration of the time prescribed by § 113 for filing of a bill of exceptions, seeking merely an extension of time for filing a bill and not leave to file a specific proffered bill, even though the motion was allowed before judgment and the judge in allowing it added the statement that "the Court further allows a bill of exceptions to be filed."   [409–410]

CONTRACT.   Writ in the Superior Court dated May 10, 1963.

The action was tried before *Tomasello, J.*

*Thomas J. Donoghue* for the defendant.

*Robert W. Coughlin* for the plaintiff.

WILKINS, C.J.   This is an action of contract for materials and labor furnished under a contract in writing.   The defendant saved exceptions at the trial.   On September 21, 1964, there were verdicts for the plaintiff.   Twenty-two days later, and not twenty days later as alleged in the motion itself, on October 13, 1964, the defendant filed a motion (numbered 17 on the docket) to extend the time for filing its bill of exceptions to and including December 9, 1964, and marked the motion for hearing on October 16, 1964. The motion came on to be heard before a judge of the Superior Court who had not been the trial judge and who declined to act.   On October 22, 1964, the motion was heard by the trial judge.   Near the conclusion of the hearing, the defendant filed another motion for an extension of time to and including December 9, 1964, to which the plaintiff objected.   On October 23, 1964, the trial judge indorsed on the later motion: "the within motion may be filed and allowed and the Court further allows a bill of exceptions to be filed."   No indorsement was made on the earlier motion (numbered 17 on the docket).

The case is here on the plaintiff's bill of exceptions to the allowance of the motion, and on the defendant's bill of exceptions on the merits.[1]

We first consider the plaintiff's exceptions.   General Laws c. 231, § 113 (as amended through St. 1945, c. 328),

---

[1] The defendant filed a bill of exceptions on November 19, 1964.   A substitute bill of exceptions was allowed on April 20, 1965.

provides in part: [A] "The exceptions shall be reduced to writing in a summary manner and filed with the clerk . . . in civil cases tried by a jury, within twenty days after the verdict is rendered . . . unless further time is allowed by the court. . . . [B] The presiding justice may, if, in his opinion, a bill of exceptions is filed in good faith, and justice so requires, allow such bill of exceptions although the excepting party or his attorney failed, through inadvertence, to comply with all of the provisions of this section. [C] If, through inadvertence, a party who has duly claimed exceptions failed to file a bill of exceptions within said twenty days or within such further time as may have been allowed, the presiding justice may, before final judgment, upon motion after notice and hearing, allow a bill of exceptions to be filed and may allow such bill of exceptions."

The two sentences [B] and [C] were added by St. 1945, c. 328. In two previous decisions since that amendment the cases had gone to judgment. *Hackney* v. *Butler,* 339 Mass. 605. *Higgins* v. *First Natl. Stores, Inc.* 340 Mass. 618. The case at bar had not gone to judgment.

An extension of time for filing a bill of exceptions under sentence [A] must be allowed within the twenty day period. *Hack* v. *Nason,* 190 Mass. 346, 347, and cases cited. *Barnard Mfg. Co.* v. *Eugen C. Andres Co.* 234 Mass. 148, 152. *C. F. Hovey Co., petitioner,* 254 Mass. 551, 553. *Allen, petitioner,* 255 Mass. 227, 228. See *Calcagno* v. *P. H. Graham & Sons Co. Inc.* 313 Mass. 364, 368–369. It is not necessary to add a discussion of the effect of Rule 73 of the Superior Court (1954) and its predecessor rules.

Sentence [B] does not apply to a bill of exceptions not seasonably filed.

Sentence [C] is intended to permit a judge to deal with a specific bill, belatedly offered for filing. If the case has not gone to judgment and the judge, after notice and hearing, finds inadvertence, he may allow such bill to be filed and "may allow such bill." The action taken in the present case was not one permitted under sentence [C]. The motion asked, and the judge's order granted, nothing but a

purported and invalid extension of the time for filing a bill of exceptions. The words of the order, "and the Court further allows a bill of exceptions to be filed," added nothing of substance.

It follows that the allowance of the motion was error.

> *Order allowing motion reversed.*
> *Plaintiff's exceptions sustained.*
> *Defendant's exceptions dismissed.*
> *Judgment for the plaintiff.*