Rescript Opinions.

ERIKS A. DAVIDONIS *vs.* WILFRED L. LEVIELLE. May 29, 1969. In this action of tort for negligence the judge, subject to exception, following a verdict for the plaintiff ordered that a verdict be entered for the defendant under leave reserved. G. L. c. 231, § 120. The evidence must be viewed most favorably to the plaintiff. The judge will be upheld only if on the pleadings the evidence (a) did not warrant a finding that the defendant was negligent, or (b) required a finding that the plaintiff was contributorily negligent. About 7 P.M. October 16, 1963, the plaintiff took his truck to the defendant's garage to have the brake adjusted and, after having a few drinks at a nearby bar, returned and saw his truck on a lift six feet above the ground. At the mechanic's suggestion he climbed a six foot stepladder next to the driver's door side of the cab, tightened, as directed, the brake three or four times, and was told "O.K., . . . . You can come down." The plaintiff got up, turned around, facing the opposite door, backed out of the truck to come down the ladder, and fell to the ground  He testified: "I didn't see the ladder. I didn't see anything. . . . I took it for granted." There was no evidence that the ladder was negligently placed, that it was moved before or while the plaintiff "backed out of the truck," or that it moved at all until the plaintiff fell to the ground. There was no showing that the defendant was negligent. The only rational explanation of the accident was the plaintiff's testimony, by which he is bound, that he did not look to see where the ladder was. *Hultberg* v. *Truex,* 344 Mass. 414, 419, and cases cited. There was no error.

*Exceptions overruled.*

*Irving I. Medoff* for the plaintiff.
*William H. Shaughnessy* (*John P. Garrahan* with him) for the defendant.


PAUL D. WALTON & another [1] *vs.* HERBERT S. HOFFMAN & another [2]. May 29, 1969. About 5:30 P.M. on January 27, 1960, the plaintiffs, both municipal firefighters, drove to Boston and went to a barroom on Kingston Street where they remained for approximately a half hour having a few drinks. When they emerged the street lights were on. On a building nearby there was a sign "For Rent," or "Entire 4th & 5th floors for rent. Call RI 2–4142." No call was ever made. They had never been in the building before and knew no one there. Nobody ever invited them into the premises. They entered the doorway. It was dim and dark. They could not see. They took a few steps and fell into an elevator pit and were injured. Shortly after midnight they went home. At the close of the evidence, which included such matters as the operating condition of the elevator and the gate, the judge, subject to exception, directed verdicts for the defendants. There was no error. We pass without comment the plaintiffs' contention that their purpose in entering the building at the time of day and year "was to see the area that was for rent" and that therefore they were business invitees to whom the duty of reasonable care was owed. We rule that the evidence required a finding that the plaintiffs were contributorily negligent. *Herman* v. *Golden,* 298 Mass. 9, 12. *Gidge* v. *Security Realty Co.* 347 Mass. 779. There was no reversible error in the rulings on evidence.

*Exceptions overruled.*

*James W. Kirk* (*Monto Rosenthal* with him) for the plaintiffs.
*John J. C. Herlihy* for the defendants.

---

[1] William Burke.

[2] Trustees of the Sidney Trust, owners of the property.