E. H. HALL CO., INC. *vs.* U. S. PLASTICS CORPORATION.

Essex.    February 14, 1974. — April 17, 1974.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Practice, Civil,* Exceptions: filing of bill.    *Negligence,* Water pipe. *Proximate Cause.    Words,* "Inadvertence."

On findings by a judge in an action supporting a conclusion by him that failure of a party to file a bill of exceptions within the twenty days specified in G. L. c. 231, § 113, as amended through St. 1945, c. 328, was due to inadvertance, the judge properly allowed a motion by that party for leave to file a bill of exceptions late, with a proposed bill attached.    [170, 171]

Evidence in an action of tort warranted findings that the defendant was negligent in failing to disconnect a water pipe attached to a machine on its premises before the machine was moved from its location by a third person and that the defendant's negligence was a proximate cause of damage to goods of the plaintiff in adjacent premises occurring when the water pipe was broken as the machine was moved and water flowed into the adjacent premises, even if the third person also was negligent.    [171-173]

TORT.    Writ in the Superior Court dated September 23, 1963.

The action was tried before *Rutledge,* J., and a motion by the plaintiff for leave to file a bill of exceptions late was allowed by him.

*Fred Pearlmutter* for the plaintiff.

*Sherman Davison* for the defendant.

HALE, C.J.   In this action of tort for negligence the jury returned a verdict for the plaintiff.   Thereafter the judge ordered the entry of a verdict for the defendant under leave reserved.   G. L. c. 231, § 120.   The plaintiff duly excepted to that order.   The case is before us not only on the plaintiff's bill of exceptions, but also on the defendant's exception to the allowance of the plaintiff's motion to file its bill of exceptions late.

1. We first consider the defendant's exception.   In the case at bar counsel for the plaintiff failed to file a bill of exceptions within twenty days following the entry of the verdict as required by G. L. c. 231, § 113, in its original form.[1]   Subsequently, counsel for the plaintiff filed a motion for leave to file a bill of exceptions late, with a proposed bill attached, as provided by G. L. c. 231, § 113 (as amended by St. 1945, c. 328).[2]   After a hearing on the motion, the judge made findings, concluded that "the attorney for the plaintiff had duly claimed exceptions and that he failed, through inadvertence, to file the Bill of Exceptions within the twenty-day period", and allowed both the motion and the bill.   The defendant excepted.

---

[1] A motion for an extension of time for filing a bill of exceptions, filed within the twenty day period (see Rule 73 of the Superior Court [1954]), was not acted upon within such period.

[2] The 1945 amendment added the following sentence to § 113, which the parties agree is here applicable:  "If, through inadvertence, a party who has duly claimed exceptions failed to file a bill of exceptions within said twenty days or within such further time as may have been allowed, the presiding justice may, before final judgment, upon motion after notice and hearing, allow a bill of exceptions to be filed and may allow such bill of exceptions."

We think the motion was properly allowed. Section 113, as amended, authorizes a judge to allow the late filing of a specific bill of exceptions (and to allow the bill) if the failure to file it seasonably is due to "inadvertence." *Raymond Coughlin Elec. Co. Inc. v. Spear Constr. Corp.* 350 Mass. 407, 409 (1966). Here the judge found such inadvertence. His subsidiary findings adequately support that conclusion. "The word 'inadvertence' . . . embraces the effect of inattention, the result of carelessness, oversight, mistake, or fault of negligence and the condition or character of being inadvertent, inattentive, or heedless." *Tremont Trust Co. v. Burack,* 235 Mass. 398, 402 (1920). See also *DeVincent Ford Sales, Inc. v. First Mass. Corp.* 336 Mass. 448, 451 (1957). From our review of the judge's findings it appears that the conduct of the plantiff's counsel was within those parameters. Compare *Hackney v. Butler,* 339 Mass. 605, 608 (1959).

2. We now consider the plaintiff's exception to the order for the entry of a verdict for the defendant under leave reserved. It is well settled that the test for reviewing the correctness of such an order is the same test that is applied in the case of a motion for a directed verdict (*O'Brien v. Myers,* 354 Mass. 131, 132 [1968]) — "whether the evidence in its aspect most favorable to the plaintiff could rightly be found to support the contentions essential to the maintenance of his cause of action." *Petrangelo v. Pollard,* 356 Mass. 696, 697 (1970), quoting from *Holton v. Shepard,* 291 Mass. 513, 515 (1935). Thus, in an action alleging negligence, the judge's order "will be upheld only if on the pleadings the evidence (a) did not warrant a finding that the defendant was negligent, or (b) required a finding that the plaintiff was contributorily negligent."[3] *Davidonis v. Levielle,* 356

---

[3] Part (b) of this statement is applicable only to causes of action arising before January 1, 1971, such as the one in the instant case. See G. L. c. 231, § 85, as amended by St. 1969, c. 761, § 1, and as further amended by St. 1973, c. 1123, § 1.

Mass. 716 (1969). In this case contributory negligence on the part of the plaintiff was not established as a matter of law.

We summarize the evidence most favorable to the plaintiff (*Adams* v. *Herbert,* 345 Mass. 588, 589 [1963]; *Petrangelo* v. *Pollard, supra,* at 697), to determine therefrom whether support could be found for the plaintiff's allegation that the defendant negligently caused a water pipe to break, as a result of which the plaintiff's property was damaged by water.

The plaintiff corporation, engaged in the leather business, was a tenant in the basement of a building in Lynn and used the space for the storage of leather soles in burlap bags. The defendant corporation became a tenant in the floor directly above the premises leased by the plaintiff. Certain machinery used by the defendant required the installation and connection of water pipes. On various occasions prior to September 18, 1963, water had leaked from the defendant's premises into the plaintiff's premises.

On the evening of September 18, 1963, the defendant was in the process of moving its equipment from its premises in Lynn. The defendant had engaged one Blanchard to assist with the moving.[4] The defendant's foreman and its president were present at the premises with Blanchard and his assistant. Blanchard testified that he had instructed the defendant's president to shut off the water and to disconnect the pipes which were attached to certain of the machines. Blanchard and his assistant had moved certain of the machines without incident; after they had moved the one remaining piece of machinery (to which a water pipe had been connected) about ten feet, Blanchard heard someone shout "water." He returned to the site from which the machinery had been removed and

---

[4] The docket entries disclose that Blanchard was impleaded as a third-party defendant, and that the jury returned a verdict for Blanchard.

there observed water flowing from a broken water pipe. Water flowed from that pipe into the plaintiff's basement premises, and caused damage to leather soles stored there. There was testimony that this pipe had not been disconnected from the machinery before the machinery was moved. The defendant's foreman testified that he had disconnected the pipe and that shortly before the incident he had spoken to Blanchard about the pipe, saying, "This is a live water pipe, careful."

From this evidence the jury could have found that the defendant was aware of the potential hazard, that it was under a duty to disconnect the water pipe before the machinery was moved, that it committed a breach of that duty, and that such breach was the proximate cause of the damage sustained by the plaintiff. The jury could further have found that the defendant should have foreseen that the act of Blanchard in moving the machinery with the pipe still attached would result in the rupture of the pipe. Assuming arguendo that the action of Blanchard, in relying on the foreman's assurance that the pipe had been disconnected, amounted to negligence, "[i]t is well settled that the intervening negligence of a third person which contributes to an injury does not necessarily break the causal connection between the conduct of an earlier wrongdoer and the injury." *Buda* v. *Foley,* 302 Mass. 411, 413 (1939). Prosser, Torts (4th ed.) § 44. In this case Blanchard's intervening conduct was not of such a nature as to sever the chain of causation between the defendant's acts and the resulting damage to the plaintiff. See *Morrison* v. *Medaglia,* 287 Mass. 46, 49-50 (1934), and cases cited. We conclude that it was error to have ordered the entry of a verdict for the defendant under leave reserved.

The bill of exceptions filed by the plaintiff in this case is inordinately lengthy and unnecessarily verbose. The exceptions can hardly be said to have been "reduced to writing in [the] summary manner" required by G. L. c. 231, § 113. "This requirement of the statute is some-

thing more than a pious wish and if it is not complied with the judge has not only the power but the duty to disallow the bill." *Western Union Tel. Co.* v. *Fitchburg Gas & Elec. Light Co.* 334 Mass. 587, 593 (1956), and cases cited. See also *Bristol Wholesale Grocery Co. Inc.* v. *Municipal Lighting Plant Commn. of Taunton,* 347 Mass. 668, 671 (1964).

The defendant's exceptions are overruled. The plaintiff's exceptions are sustained. The verdict for the defendant under leave reserved must be set aside and the original verdict for the plaintiff is to stand.

*So ordered.*